# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

E-FILED
Monday, 13 June, 2022 03:16:07 PM
Clerk, U.S. District Court, ILCD

JUN 1 3 2022

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SCOTT THOMAS McMAHON
_____
Plaintiff                )
                         )
                         )
                         )
                         )
vs.                      )        Case No. _____
                         )
                         )        The case # will be assigned by the clerk)
                         )

_____
Defendant(s)             )
ILLINOIS DEPARTMENT OF
_____  )
CORRECTIONS, AND BRAD
_____  )
JOHNSON, @CORRECTIONAL OFFICER
_____  )
LIEUTENANT "JANE" ELLINGER,
_____  )
CORRECTIONAL OFFICER "JANE"
_____  )
KING, CORRECTIONAL OFFICER;
_____  )
TIFFANIE CLARK, ASSISTANT WARDEN;
_____          ,
                         )
                         )
                         )

(List the full name of ALL plaintiffs and defendants in the caption above.  If you need more room, attach
a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known.  This form is designed primarily for pro
se prisoners challenging the constitutionality of their conditions of confinement, claims which are often
brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action

_____

*Please refer to the instructions when filling out this complaint.  Prisoners are not required
to use this form or to answer all the questions on this form in order to file a complaint.  This is
not the form to file a habeas corpus petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Scott Thomas McMahon,
    Plaintiff

               Case No.

   vs.

Rob Jeffreys, Director
Illinois Department of
Corrections; "John
Doe", Correctional
Officer; sued in their
individual and official
capacities

*(against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: SCOTT THOMAS McMAHON

Prison Identification Number: Y22452

Current address: PO BOX 7711

CENTRALIA, IL 62801

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: BRAD JOHNSON

Current Job Title: LIEUTENANT

2

Current Work Address 1300 W. Locust

CANTON, IL 61520

Defendant #2:

Full Name: "JANE" ELLINGER

Current Job Title: CORRECTIONAL OFFICER

Current Work Address: SAME AS ABOVE

Defendant #3:

Full Name: "JANE" KING

Current Job Title: CORRECTIONAL OFFICER

Current Work Address: SAME AS ABOVE

Defendant #4:

Full Name: TIFFANIE CLARK

Current Job Title: ASSISTANT WARDEN OF PROGRAMS

Current Work Address: SAME AS ABOVE

Defendant #5:

Full Name: ROB JEFFREYS

Current Job Title: DIRECTOR, IDOC

Current Work Address: 1301 CONCORDIA COURT

SPRINGFIELD, IL 62794-9277

*For additional defendants, provide the information in the same format as above on a separate page.*

3

DEFENDANT #6:

FULL NAME: "JOHN DOE"
CURRENT JOB TITLE: UNKNOWN
CURRENT WORK ADDRESS: UNKNOWN

DEFENDANT #7:

FULL NAME: ILLINOIS DEPARTMENT OF
             CORRECTIONS
CURRENT JOB TITLE:
CURRENT WORK ADDRESS: 1301 CONCORDIA COURT
                        SPRINGFIELD, IL 62794-9277

## III.  LITIGATION HISTORY

The *"three strikes rule"* bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☒

If yes, please describe _____

_____

B.  Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☒

C.  If your answer to B is yes, how many? _____  Describe the lawsuit(s) below.

1.  Name of Case, Court and Docket Number
_____

2.  Basic claim made _____

3.  Disposition (That is, how did the case end?  Was the case dismissed?  Was it appealed?  Is it still pending?) _____

*For additional cases, provide the above information in the same format on a separate page.*

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint.  However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments.  You may attach copies of materials relating to exhaustion, such as grievances, appeals, official responses.  These materials are not required to file a complaint, but they may assist the court

*in understanding your claim.*

A. Is there a grievance procedure available at your institution?    Yes ☒    No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

      Yes ☒    No ☐

If your answer is no, explain why not _____

_____

C. Is the grievance process completed?    Yes ☒    No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence ILLINOIS RIVER CORRECTIONAL CENTER, CANTON, IL

Date(s) of the occurrence JUNE 15 AND JULY 2, 2020

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

i. PLAINTIFF WAS AT ALL TIMES MENTIONED HEREIN A WARD OF THE STATE OF ILLINOIS VIA INCARCERATION IN THE ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") AND REMAINS SO AS OF THIS FILING.

2. PLAINTIFF IS A HOMOSEXUAL MALE WHO THROUGHOUT HIS INCARCERATION IN IDOC (15 JUNE 2017-CURRENT) HAS BEEN, AT VARYING LEVELS, BY BOTH IDOC STAFF AND OTHER INDIVIDUALS-IN-CUSTODY, VICTIMIZED THROUGH DISCRIMINATION, HOMOPHOBIA, AND SEXUAL HARASSMENT/ABUSE/ASSAULT. PLAINTIFF'S SEXUAL ORIENTATION WAS MADE KNOWN TO IDOC ON DAY ONE OF INTAKE (15 JUNE 2017) AND WAS REAFFIRMED UPON TRANSFER TO ILLINOIS RIVER CORRECTIONAL CENTER ON 21 JULY 2017.

3. STARTING IN AUGUST 2017 PLAINTIFF FIRST MADE IDOC AWARE OF GENERAL AND SPECIFIC THREATS MADE TO HIM AND OF HAVING TO ENDURE HOMOPHOBIA ON A REGULAR BASIS. DURING SESSIONS WITH A MENTAL HEALTH PROFESSIONAL ("MHP"), MS. FRAZIER, PLAINTIFF CAN AND WILL OFFER SPECIFIC DATES OF FURTHER COMPLAINTS REGARDING HIS PHYSICAL SAFETY, A DEATH THREAT, AND SEXUAL HARASSMENT.

4. DEFENDANTS FAILED, REFUSED, OR NEGLECTED TO HEED PLAINTIFF WARNINGS OF REAL AND PERCEIVED THREATS TO HIM. AS SUCH, DEFENDANTS, THROUGH NEGLIGENCE AND INACTION, ALLOWED WHAT COULD HAVE BEEN PREVENTABLE BODILY HARM, SEXUAL ASSAULTS, AND MENTAL TRAUMA, TO BE INFLICTED UPON PLAINTIFF. PLAINTIFF WAS INDEED TWICE A VICTIM OF SEXUAL ASSAULT BY INDIVIDUAL-IN-CUSTODY GONZALEZ (AKA JERSEY) ("GONZALEZ") ON OR ABOUT 15 JUNE AND 2 JULY 2020 AT ILLINOIS CORRECTIONAL CENTER,

in Canton (Fulton County), Illinois

5. On or About 15 June 2020 Plaintiff, at His scheduled time, brought His laundry to the wing laundry room to be washed. Gonzalez, as Acting laundry porter, was present in the room at that time. Plaintiff placed His laundry bag and began to walk away but was called back by Gonzalez. Plaintiff stepped into the laundry room and at that time, in a threatening manner, Gonzalez ordered Plaintiff to sit upon an upside down bucket in an area of the room that could not be seen from outside the room, either by people or cameras. Fearing for His safety, Plaintiff complied with the demand. Gonzalez then removed His erect penis from His shorts and ordered Plaintiff to provide oral sex. At no time did Gonzalez ask for consent, nor did Plaintiff feel saying "no" or otherwise rejecting Gonzalez would have been accepted by him. Gonzalez made clear no other person was to be made aware of what had occurred.

6. On or about 2 July 2020 Gonzalez again demanded Plaintiff provide Him with oral sex. Plaintiff was in His cell behind a locked door. Gonzalez, under false pretense of laundry needing to be done despite it not Plaintiff's cell's scheduled time, convinced an officer to unlock the cell door. After

THE OFFICER WALKED AWAY GONZALEZ INSTRUCTED PLAINTIFF TO MEET HIM AT THE WING SHOWERS. PLAINTIFF OBJECTED CITING IT WAS NOT HIS SCHEDULED DAYROOM TIME AND DID NOT WANT TO BE CAUGHT FOR UNAUTHORIZED MOVEMENT RESULTING IN DISCIPLINARY ACTION. PLAINTIFF HOPED THAT WOULD DE-ESCALATE THE SITUATION AND REMOVE HIMSELF FROM A SCENARIO WHEREIN ANOTHER SEXUAL ASSAULT WAS ABOUT TO OCCUR BUT WITHOUT DIRECTLY REBUFFING GONZALEZ. PLAINTIFF WAS UNDER IMPRESSION, BASED UPON GONZALEZ'S ACTIONS AND TONE OF VOICE, SAYING "NO" TO HIS DEMAND WOULD NOT HAVE BEEN ACCEPTED. ~~PLAINTIFF~~ FOR HIS SAFETY, ONCE AGAIN DID AS WAS ORDERED TO DO BY GONZALEZ.

7. PLAINTIFF'S FIRST OFFICIAL REPORT OF THE SEXUAL ASSAULTS OCCURRED ON OR ABOUT 22 JULY 2020, TO MHP LAYNE STAMBAUGH, DURING A ROUTINE, SCHEDULED SESSION — THE FIRST SUCH SESSION AFTER 15 JUNE 2020.

8. MHP STAMBAUGH WAS THE ONLY IDOC RELATED INDIVIDUAL PLAINTIFF FELT SAFE REPORTING THE ASSAULTS TO.

9. MHP STAMBAUGH CONTACTED LT. BRAD JOHNSON ("JOHNSON") OF THE ILLINOIS RIVER CORRECTIONAL CENTER INTERNAL AFFAIRS OFFICE TO COMMENCE A PRISON RAPE ELIMINATION ACT ("PREA") INVESTIGATION.

10. JOHNSON CONDUCTED THE INITIAL INTERVIEW/INTERROGATION OF PLAINTIFF ON THAT SAME DATE. DURING AND AT THE CONCLUSION OF THAT MEETING JOHNSON EXPRESSED DOUBT AS TO THE VERACITY OF PLAINTIFF ALLEGATIONS.

11. IDOC POLICY REQUIRES JOHNSON TO CONDUCT "A THOROUGH" AND IMPARTIAL" INVESTIGATION OF ALL PREA CLAIMS. (SEE ILLINOIS RIVER CORRECTIONAL CENTER OFFENDER HANDBOOK, 22ND EDITION, MARCH 2019, PAGE 63) [EMPHASIS ADDED]

12. JOHNSON INITIALLY VIOLATED THAT POLICY BY HIS COMMENTS TO PLAINTIFF ON 22 JULY 2020. JOHNSON FURTHER VIOLATED THAT POLICY THE FOLLOWING DAY BY DISCUSSING PLAINTIFF'S PREA CLAIM WITH TWO (2) INDIVIDUALS-IN-CUSTODY, WHO WERE UNRELATED TO THE SEXUAL ASSAULT ALLEGATIONS BUT KNOWN TO THE PLAINTIFF, AND STATED HE DID NOT BELIEVE THE PLAINTIFF. FURTHER YET JOHNSON THEN SOUGHT A CONFIDENTIAL INFORMANT, WHO HAS NO KNOWLEDGE OF THE SEXUAL ASSAULTS, IN AN ATTEMPT TO DISCREDIT PLAINTIFF.

13. JOHNSON AND ELLINGER AND IDOC RETALIATED AGAINST PLAINTIFF FOR FILING A TRUTHFUL, VALID CLAIM UNDER PREA.

14. PLAINTIFF HAS ATTEMPTED TO SEEK REMEDY THROUGH THE GRIEVANCE PROCESS BY FILING TWO (2) SEPARATE GRIEVANCES: FIRST FOR FAILURE TO PROTECT; THE SECOND TO DISPUTE IDOC'S INTERNAL FINDING THAT THE ABOVE SEXUAL ASSAULTS WERE FOUND TO BE "UNSUBSTANTIATED".

15. PLAINTIFF GRIEVANCE FOR FAILURE TO PROTECT WAS INCORRECTLY DENIED BY THE ADMINISTRATIVE REVIEW BOARD IN SPRINGFIELD, ILLINOIS.

16. AS TO THE SECOND GRIEVANCE CONCERNING THE ACTUAL SEXUAL ASSAULTS THAT SAME ADMINISTRATIVE REVIEW BOARD CLAIMS IT RECEIVED NO SUCH GRIEVANCE, WHICH WAS MAILED TO IT ON OR ABOUT 18 FEBRUARY 2021 FROM THE CENTRALIA CORRECTIONAL CENTER MAILROOM. THAT LED TO THE PLAINTIFF FILING A GRIEVANCE REGARDING THE "MISSING" GRIEVANCE. THE ADMINISTRATIVE REVIEW BOARD DID NOT RESPOND TO PLAINTIFF BY 4 APRIL 2022. THAT DATE REPRESENTS THE SIX (6) MONTH DEADLINE IDOC POLICY ALLOWS FOR THE BOARD TO RESPOND.

17. PLAINTIFF HAS EXHAUSTED ALL LOCAL AND STATE LEVEL GRIEVANCE PROCEDURES WITHOUT REMEDY.

## RELIEF REQUESTED

*(State what relief you want from the court.)*

- ADDITIONAL TRAINING FOR ALL IDOC STAFF TO BETTER ADDRESS LGBTQ INDIVIDUAL-IN-CUSTODY SEXUAL ASSAULTS.
- INDEPENDENT AGENCY TO INVESTIGATE ALL PREA CLAIMS IN IDOC.
- SPECIALIZED INVESTIGATIVE TRAINING FOR ALL IDOC STAFF WHO ARE INVOLVED IN LGBTQ PREA CLAIMS.
- ORDER IDOC TO CREATE LGBTQ RESOURCE PERSONNEL AT ALL FACILITIES, SPECIFICALLY TRAINED TO ADDRESS NEEDS OF THE LGBTQ POPULATION.
- EXPUNGE IDOC PLAINTIFF MASTER FILE OF HIS SEXUAL MISCONDUCT DISCIPLINARY REPORT AND ANY PUNISHMENT INVOLVED.
- TO SUBSTANTIATE PLAINTIFF PREA ALLEGATIONS AND STRIKE ANY REFERENCE IN IDOC FILES REGARDING PLAINTIFF "PREDATORY" BEHAVIOR.
- A CRIMINAL INVESTIGATION INTO THE ASSAULTS BY GONZALEZ BY THE FULTON COUNTY STATE'S ATTORNEY AND THE ILLINOIS STATE POLICE.
- AWARD TO PLAINTIFF OF $5,000,000.00
- ANY OTHER RELIEF THIS COURT MAY DEEM JUST AND PROPER.

JURY DEMAND     Yes [X]     No [ ]

Signed this ___31ST___ day of ___MAY___, 20 22 .

_____

*( Signature of Plaintiff)*

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Scott Thomas McMahon | Y22452 |
| Address:<br>Po Box 7711<br>Centralia, IL 62801 | Telephone Number:<br>618.533.4111 (Institutional) |

11

Assigned Grievance Officer:

Grievance Officer:

Receiving Unit: 5136    Grievance Officer

1st Lvl Date: AUG 11 2020    **201849**    2nd Lvl Date: AUG 31 2020

## ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender's Grievance

| Date: 10 AUG 20 | Offender (please print): SCOTT T. McMAHON | ID #: Y22452 | Race (optional): WHITE |
|---|---|---|---|

| Present Facility: IRCC | Facility where grievance issue occurred: SAME |
|---|---|

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Disciplinary Report 4 AUG 20
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): PREA INVESTIGATION / FAILURE TO PROTECT
- [ ] Medical Treatment
- [ ] HIPAA

Date of report ____    IRCC   Facility where issued ____

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if EMERGENCY grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I WAS SEXUALLY ASSAULTED BY I/M GONZALEZ [AKA "JERSEY"] A TOTAL OF TWO
TIMES THIS YEAR. I DOC AND ILLINOIS RIVER HAVE AN OBLIGATION AND DUTY TO
PROVIDE A SAFE AND SECURE ENVIRONMENT FOR ALL INMATES BUT ESPECIALLY
THOSE THAT MAY BE OF A PROTECTED CLASS, SUCH AS THE INMATE'S SPECIALTY.
THE DUTY TO PROTECT IS INHERENT UPON THE DEPARTMENT AND FURTHERED
BY ITS STATED GOAL OF THE OFFENDER HANDBOOK, SPECIFICALLY ALL INMATES
WILL LIVE IN A "SAFE, SECURE AND HUMANE" ENVIRONMENT, WILL BE PROVIDED

[x] Continued on reverse

**Relief Requested:**

_____
_____
_____
_____
_____

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [x] Check if this is NOT an emergency grievance.

| Scott MM | Y22452 | 10 AUG 20 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: 8-21-20    [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Per: Internal Affairs, a PREA investigation is open.

_____
_____
_____
_____

| K Norris | K Norris | 8-21-20 |
|---|---|---|
| Print Counselor's Name | Sign Counselor's Name | Date |

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: 8/1/20

Is this determined to be of an emergency nature:

- [x] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

| [signature] | 8/1/20 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender    Page 1 of 2    DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: _____                    Housing Unit: _____  Bed: ___

1st Lvl rec: _____     **ILLINOIS DEPARTMENT OF CORRECTIONS**          2nd Lvl rec: _____
                              **Offender's Grievance**

"Quality" Mental Health Services; that "All Staff is trained to the Highest Professional Level", and all will be treated with "Compassion and Fairness" (Handbook pg 2) IDOC and the Department continually failed this I/M based on above criteria.

The Sexual Assaults, reported to Internal Affairs on 23 July, were not the first instances of discrimination based on sexuality or sexual abuse/assault suffered by this inmate. The assaults on this inmate by Gonzalez occurred on or about 15 June and on 2 July. However since initial placement into IDOC in June 2017 I have been called gay slurs too many times to count, been forbidden use of phones, showers, or a seat at a table in the chow hall, which may seem minor to others but has caused this inmate fear, deepen depression, and raised anxiety levels, which are further worsened when the physical threats and instances of sexual abuse/assault are considered. Within months of being in custody I raised safety concerns with my MHP and was told that is just how prison works and to, essentially, deal with it. As I felt my concerns were dismissed without care I tried to live with it and did not feel comfortable reporting any further instances of "gay bashing" to MH or any other staff.

Some specific examples of threats/abuse/assault (by no means an exhaustive list):

• Feb 2018 — forced to perform oral sex on I/M in showers, same I/M inserted his finger in my rectum w/o permission.

• Feb 2018 — cellie threatens to kill me because I am gay. This was reported to a Lt in Chow Hall who dispatched Lt Batton to the house. I was moved to a new cell but IIRC took no action against that cellie for his threat, because, as Lt Batton said "he would just deny the accusation". It is a "He Said - He Said" situation."

• July 2018 — cellie on several instances masterbated in my view/presence. This was reported to IA but no action was taken, no IA/team investigation followed. I was moved days later but only when I reported same to MH/Ms. Stambaugh.

• Jan 2019 — As I was housed into a new cell, to avoid a future possible problem I asked cellie if he has a problem w/a gay cellie. He immediately took me to raise cell, aggressively/threateningly stepped towards me and fluffed my correspondence bot towards me. Again I was ticketed for refusing housing, just like in Feb 2018. How is it fair to be ticketed after being threatened? At the ticket hearing the SGT admonished me for mentioning I was gay and suggested since I have a deep voice to don't display my homosexuality.

• May/June/July 2020 — I was moved to 4A on 20 May, while on admin quarantine (who dangerous) an inmate told me I could not shower and called me a "faggot". I'm then told to come in the sally port so he could physically harm me. A week or so later that I/M's cellie asked if it was true I was gay, to which I said yes. He then told other inmates, including I/M Gonzalez, I was gay. I reported this to MH and expressed that I felt my concern for safety has been ignored. Ms. Stambaugh suggested I write the ALWP and I did w/letter dated 13 June, on or about 15 June was the first time I/M Gonzalez forced me to perform oral sex on him. The

A23 PAGE THIRTEEN

Laundry Room on 4A. on 2 July was the Second Assault which occurred in the first floor 4A shower. I'm Gonzalez has a c/o open my cell door under false pretenses, which can be seen on video.

Nov 2019 — c/o's Curtis and Richards had a 10-15 minute conversation which was very homophobic. They were unaware I could hear, but were aware I was out on Dayroom and [knew] I was gay.

In Nov 2019 I requested, via the placement office, to be housed long-term on SB because I felt most safe there. That request was denied and I was placed in Gen Pop at the conclusion of my court writs. My 13 June letter to AWP Clark requested I be moved back to 3A, where I was just moved from, because of the threats received since my move. If Ms. King granted the Nov 2019 request my sexual assaults could have been avoided. If AWP Clark executed a move on my behalf, based on dates, at least the second Gonzalez assault could have been avoided. The AWP's response indicated I should follow-up w/ MH re: my concerns despite the letter advising AWP Clark it was MH that suggested I contact her directly.

I met w/ Ms. Stambaugh on 22 July. That was our first meeting since the Gonzalez assaults. I reported the assaults to Ms. Stambaugh then. She is the only

AJS PAGE FOURTEEN

STAFF MEMBER I FELT COMFORTABLE REPORTING TO.
MS. SAMBAUGH THEN ESCORTED ME TO THE HCU
TO WAIT FOR LT. JOHNSON. DURING MY INTERVIEW WITH
THE LT IT BECAME CLEAR HE DOUBTED I WAS BEING
TRUTHFUL IN MY PREA CLAIM AGAINST I/M GONZALEZ.
HE SEEMED DUBIOUS IT TOOK ME SEVERAL WEEKS TO
REPORT THE ASSAULTS DESPITE, AS I AM SURE LT.
JOHNSON IS AWARE, SEXUAL ASSAULTS BEING THE
HARDEST TYPE OF CRIME TO REPORT, TO ADMIT TO, I
EXPLAINED TO HIM I REPORTED WHEN I FELT SAFE AND
TO WHOM I FELT SAFE DOING SO TO. HE INTIMATED I WAS
NOT EMOTIONAL ENOUGH COMPARED TO OTHERS IN
A SIMILAR SITUATION AS ME. I EXPLAINED I THOUGHT
ANSWERING QUESTIONS FACTUALLY AND WITHOUT PASSION
WOULD BEST AID THE PREA INVESTIGATION.
I ALSO ADVISED LT. JOHNSON THAT I TOLD MY UNCLE
ABOUT THE FIRST ASSAULT ON A PHONE CALL, AS ALL
CALLS ARE RECORDED I A KNEW OR SHOULD HAVE KNOWN
THE CONTENTS OF THAT CONVERSATION. I SUGGESTED
THE VIDEOS FROM 4A BE CHECKED FROM 2 JULY SO
HE COULD SEE GONZALEZ HAVING A C/O OPEN MY CELL
DOOR, ME CLAIM TO SIT ON THE BENCH BY THE SHOWER
[AS GONZALEZ ORDERED ME TO DO] AND
GONZALEZ WAITING NEAR ME THEN ENTERING
SHOWER IMMEDIATELY AFTER ME.

A2.3 Page ~~Sixteen~~ Fifteen

At the conclusion of the 22 July interview Lt. Johnson told me to return to my cell and wait for a C/O come to tell me and my cellie we were moving to S House. After the C/O told us the Core Porter brought a moving cart on the wing. Because Gonzalez's cell was open because his cellie was helping clean up lunch trays, Gonzalez left his cell immediately to ask why I was moving. I tried to play it off as I did not know why. Unfortunately the House Sgt comes to the wing and told inmates including Gonzalez that I was being moved to S House on IA/Lt. Johnson orders. This complicated the matter and raises issues of my safety as any inmate is suspicious when IA moves an inmate. Within days after my 22 July interview two inmates told me they were interviewed by Lt. Johnson in regards to my PREA Report. The I/m's told me Johnson said my "Story does not add up". IREC Has to conduct a thorough and impartial investigation into my report of sexual assaults by I/m Gonzalez. If the head of IA expresses doubt as to the veracity of my claim, How can an impartial investigation be conducted?

Additionally IA elected to conduct an investigation against me for past sexual misconduct, is that standard

ADD PAGE FIFTEEN
SIXTEEN

OPERATING PROCEDURE WHEN ONE FILES A PREA COMPLAINT, OR WORSE, HAVE I BEEN SINGLED OUT, BEING TREATED DIFFERENTLY THAN OTHER INMATES? EITHER WAY IT IS DISTURBING AND DISCOURAGES INMATES FROM REPORTING INSTANCES OF SEXUAL ASSAULT.

ON 29 JULY IA SHOOK DOWN MY CELL AND CONFISCATED MY PERSONAL JOURNAL, AMONG OTHER ITEMS. A SHAKEDOWN RECORD/CONFISCATED CONTRABAND SLIP WAS COMPLETED INDICATING CONTRABAND WAS FOUND BUT NOTHING TAKEN IS CONTRABAND. IA WAS ONLY AWARE @ I KEPT A JOURNAL BECAUSE ONE PAGE FROM IT WAS PROVIDED TO LT. JOHNSON ON 22 JULY TO ASSIST IN ESTABLISHING A TIME LINE OF THE SEXUAL ASSAULTS AGAINST ME. THE JOURNAL DID CONTAIN THREE INSTANCES DETAILING CONSENSUAL SEXUAL ENCOUNTERS BETWEEN MYSELF AND OTHER IMS. I WAS CALLED TO IA FOR A SECOND INTERVIEW ON 3 AUG AND MET WITH C/O ELLINGER. THE INTERVIEW COVERED THE SEXUAL ASSAULTS AGAINST ME AS WELL AS THE AFOREMENTIONED ENCOUNTERS BETWEEN MYSELF AND OTHER INMATES, WHICH OCCURRED IN APRIL, JULY, AND AUGUST 2019. C/O ELLINGER TOLD ME SHE WAS INCLUDING THOSE THREE ENCOUNTERS IN THE REPORT SO THAT I COULD NOT IN THE FUTURE MAKE A PREA COMPLAINT

A-13 PAGE SEVENTEEN

AGAINST THOSE INMATES, C/o ELLINGER FURTHER STATED BECAUSE THOSE EVENTS OCCURRED A YEAR OR MORE AGO I WOULD NOT RECEIVE A TICKET OR GO TO SEGREGATION. C/o ELLINGER THEN ISSUED A TICKET THE FOLLOWING DAY, DESPITE MY EXPRESSING A LACK OF TRUST IN C/o's, C/o ELLINGER WORKED TO GAIN MY TRUST DURING TO THAT TWO HOUR INTERVIEW ONLY TO LIE TO ME, LOWERING MY TRUST LEVEL IN C/o's AND STAFF.

IT IS MY OPINION IA BEGAN ITS INVESTIGATION INTO ME, CONFISCATED PERSONAL PROPERTY, AND ISSUED A SEXUAL-MISCONDUCT TICKET IN RETALIATION FOR MY INITIAL PREA COMPLAINT CONCERNING I/M GONZALEZ. THOSE ACTIONS CANNOT BE ALLOWED IF INMATES ARE EXPECTED TO REPORT SEXUAL ASSAULTS. INMATES WILL NOT BE FORTHCOMING IF THEY CANNOT TRUST THE INSTITUTION TO HANDLE REPORTS IMPARTIALLY AND FAIRLY AND WITH COMPASSION FOR THE VICTIM. THE ACTIONS BY IA AGAINST ME ONLY RE-VICTIMIZES ME.

IT IS IMPORTANT TO NOTE THE SAME JOURNAL BEING USED AGAINST ME CONTAINS DETAILS OF OTHER INSTANCES OF DISCRIMINATION AND PHYSICAL THREATS AGAINST ME BUT NO ACTION IS BEING TAKEN AGAINST THOSE INDIVIDUALS. IF MY PERSONAL WRITINGS ARE GOOD ENOUGH TO

KITB PAGE EIGHTEEN

INCRIMINATE ME, IT IS GOOD ENOUGH TO BE USED AS EVIDENCE IN MY PREA CLAIM AGAINST ILT GONZALEZ AND OTHER INDIVIDUALS.

THIS GRIEVANCE IS BEING FILED TO ENSURE THE INSTITUTION AND IDOC ARE AWARE OF THE SEXUAL ASSAULTS AGAINST ME, TO SHOW IRCC/IDOC HAVE FAILED IN ITS DUTY TO PROTECT, TO DEMONSTRATE THE PATTERN AND PRACTICE OF IRCC ALLOWING INMATES TO DISCRIMINATE, ABUSE, ASSAULT ITS GAY INMATES; THAT IDOC/IDOC'S INACTION TO PUNISH BIGOTS ENCOURAGES FURTHER NEGATIVE BEHAVIOR AGAINST GAY INMATES.

THIS INMATE REQUESTS ALL ITEMS REMOVED FROM MY CELL ON 2/2/JULY BE RETURNED TO HIM. THE JOURNAL, PER 4/OELLINGER, I WAS TOLD HAD TO BE MAILED HOME IN AN EFFORT TO PROTECT ME "BECAUSE IF ANOTHER C/O FOUND THIS THEY WOULD DEFINITELY GIVE YOU A TICKET".

THIS GRIEVANCE IS ALSO TO ENSURE THE INVESTIGATION INTO ILT GONZALEZ CONTINUES AND IS CONDUCTED THOROUGHLY AND IMPARTIALLY AS THE HANDBOOK STATES (PG. 63). LT. JOHNSON SHOULD NOT BE ALLOWED ANY LEVEL OF PARTICIPATION IN THAT INVESTIGATION, OR ANY FURTHER INVESTIGATION INTO MY ALLEGED ACTS OF SEXUAL MISCONDUCT, BASED ON REASONS PREVIOUSLY STATED. THE TICKET ISSUED

ADX PAGE NINETEEN

TO THIS INMATE, DATED 4 AUG SHOULD BE RESCINDED AND ANY PUNISHMENT OR LOSS OF PRIVILEGES IMPOSED UPON THIS INMATE SHOULD BE LIFTED AND STRICKEN FROM THE RECORD.

FINALLY THIS INMATE SEEKS MONETARY DAMAGES FOR ALL PREVIOUS ACTS OF DISCRIMINATION, SEXUAL ABUSE, AND/OR SEXUAL ~~ASSAULT~~ ASSAULTS TO WHICH HE HAS TO ENSURE SINCE JUNE 2017, WHICH THE DEPARTMENT AND IRCC ALLOWED TO ~~OCCUR~~ OCCUR. THE AMOUNT OF DAMAGES IS TO BE NO LESS THAN $1 M.

PLEASE ENSURE A COUNSELING SUMMARY IS SENT TO THIS INMATE TO CONFIRM RECEIPT OF THIS OFFENDER'S GRIEVANCE. AS THE LIBRARY IS CLOSED DUE TO THE LOCKDOWN PLEASE ALSO PROVIDE A PHOTOCOPY OF THIS GRIEVANCE, IN ITS FULL NINE (9) PAGES. I PERMIT THE DEBITING OF MY TRUST FUND FOR THE AMOUNT OF COPIES. AGAIN BECAUSE OF LOCKDOWN A COPY OF THE 4 AUG ODR COULD NOT BE PROVIDED BUT I TRUST THE G.O. WILL HAVE NO ISSUE OBTAINING COPY OF SAME.

Assigned Grievance #/Institution: _A.B. EAGLE TWENTY-CH_    Housing Unit: _____    Bed #: _____

### ILLINOIS DEPARTMENT OF CORRECTIONS
### Offender's Grievance

1st Lvl rec: _____    2nd Lvl rec: _____

| Date: 30AUG20 | Offender (please print): Scott I. McMahan | ID #: Y22452 | Race (optional): WHITE |
|---|---|---|---|
| Present Facility: IL RIVER | | Facility where grievance issue occurred: IL RIVER | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] HIPAA
- [ ] Medical Treatment
- [x] Other (specify): APPEAL OF 1ST LEVEL GRIEVANCE
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____    Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I AM REFILING GRIEVANCE NUMBER 20-1849 BECAUSE THE RESPONSE FROM COUNSELOR DENNIS TO THE ORIGINAL GRIEVANCE WAS WHOLLY INADEQUATE FOR FAILURE TO ADDRESS LITERALLY ANY ISSUE/CONCERN/QUESTION CONTAINED IN THE ORIGINAL COMPLAINT. I WROTE NINE PAGES AND RECEIVED A ONE SENTENCE REPLY ADVISING ME THAT A PREA INVESTIGATION INTO THE SEXUAL ASSAULTS AGAINST ME IS OPEN. I WAS ALREADY FULLY AWARE AN INVEST[IGATION] WAS OPEN. BY COUNSELOR DENNIS'S READING OF THE 10 AUG 20 GRIEVANCE

[x] Continued on reverse

**Relief Requested:** CONTAINED IN ORIGINAL GRIEVANCE.

_____

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[x] Check if this is NOT an emergency grievance.

_[signature]_    Y22452    30AUG20
Offender's Signature    ID#    Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____
_____
_____
_____
_____
_____

Print Counselor's Name _____    Sign Counselor's Name _____    Date _____

Note to offender: If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature:
- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____
Chief Administrative Officer's Signature    Date

Assigned Grievance #/Institution:    ASP. PAGE TWENTY-TWO    Housing Unit:

1st Lvl rec:

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

IT SHOULD HAVE BEEN BEEN CLEAR I KNEW AN INVESTIGATION WAS OPEN BECAUSE I SPECIFICALLY MENTION I REPORTED THE ASSAULT TO INTERNAL AFFAIRS ON 22 JULY, WITH A FOLLOW-UP INTERVIEW ON 3 AUG. WHY DID COUNSELOR DENNIS REFUSE OR NEGLECT TO ADDRESS ANY OTHER TOPIC IN THE ORIGINAL GRIEVANCE? I ASK THE GRIEVANCE OFFICER READ THE ENTIRE 10 AUG GRIEVANCE AND IN THE RESPONSE FULLY AND PROPERLY ADDRESS ALL ~~ABOVE DESCRIBED~~ ISSUES/CONCERNS/QUESTIONS CONTAINED THEREIN. ALL INMATES DESERVE TO HAVE THEIR GRIEVANCES ANSWERED IN FULL.

AS I DO NOT WISH TO BE REPETITIVE I WILL NOT IN THIS APPEAL RE-ADDRESS ALL PARTS OF THE ORIGINAL GRIEVANCE BUT THE FULL 9 PAGE DOCUMENT SHOULD BE CONSIDERED AS IF IT WAS CONTAINED HEREIN BUT PLEASE CONSIDER ADDITIONAL INFORMATION REGARDING THE PROPERTY CONFISCATED FROM MY CELL (SEE GOLDENROD CARBON COPY OF FORM DOC0300 ATTACHED)—IT STILL HAS NOT BEEN RETURNED TO ME. ILLINOIS RIVER IDOC HAS NO AUTHORITY TO RETAIN ANY OF THAT PROPERTY. ON 3 AUG C/O ELLINGER STATED THE SAVED MAIL, PICTURES ~~etc~~ (IN ONE OF THE "YELLOW MAIL FOLDERS") WOULD BE RETURNED ON 4 AUG, ALONG WITH THE "RED FOLDER W/ PAPERWORK", ONCE SHE COMPLETED HER OWN PAPERWORK. MY JOURNAL WHICH BECAME PART OF THE UNFAIR, UNJUST INVESTIGATION INTO MY PAST ACTIONS WHICH ADDED AS A RE-VICTIMIZATION, I WAS TOLD I WOULD BE ALLOWED TO MAIL HOME. I HAVE SENT 2 REQUEST SLIPS TO C/O ELLINGER AND 1 ONE TO PROPERTY REQUESTING THE RETURN, OR CHANCE TO MAIL HOME, THE AFOREMENTIONED PROPERTY BUT THOSE REQUESTS I RECEIVED NO RESPONSE.

THE ORIGINAL GRIEVANCE ALSO REQUESTED THE 14 AUG SEXUAL MISCONDUCT TICKET BE WITHDRAWN OR THAT ANY PENALTIES IMPOSED AS A RESULT OF A HEARING IN FRONT OF THE ADJUSTMENT COMMITTEE BE WITHDRAWN. I MET IN THE COMMITTEE ON 14 AUG AND PENALTIES WERE IMPOSED ON 17 AUG. I SPECIFICALLY AGAIN REQUEST, BECAUSE COUNSELOR DENNIS FAILED TO ADDRESS THE DISCIPLINE PORTION OF THE ORIGINAL GRIEVANCE (JUST AS THE COUNSELOR FAILED TO ADDRESS EVERY ISSUE) THAT THE TICKET BE EXPUNGED, ALL RESTRICTIONS AND DISCIPLINARY ACTIONS NOTED ON PAGE 2 OF THE FINAL SUMMARY REPORT, DATED 14 AUG, BE REMOVED, RESTORING THIS INMATE TO "A" GRADE, W/ NO COMMISSARY/DAYROOM RESTRICTIONS, RESTORATION OF THE LOST ONE MONTH OF GCC OR SGT, AND TO NOT BE TRANSFERRED FROM ILRIV UNLESS AND (?) TIL I REQUEST A TRANSFER. I WAS TOLD AT THAT HEARING I SPECIFICALLY WOULD NOT BE TRANSFERRED BECAUSE THE ACTIONS NOTED IN THE TICKET OCCURED ONE YEAR AGO BUT WAS ADMONISHED THAT IN THE FUTURE, SHOULD I BE CAUGHT AGAIN IN ANOTHER SEXUAL MISCONDUCT SITUATION, I WOULD FACE A DISCIPLINARY TRANSFER. ~~I~~ I RELIED ON LT. BRAWN/C/O CURTIS'S PROMISE TO NOT BE TRANSFERRED AND WAS SHOCKED TO SEE THE TRANSFER INCLUDED IN THE FINAL SUMMARY REPORT. BUT SHOULD I HAVE BEEN SHOCKED? ON 3 AUG C/O ELLINGER PROMISED I WOULD NOT RECEIVE A TICKET FOR SEXUAL MISCONDUCT. I RELIED ON THAT PROMISE AS WELL AS ON C/O'S SUFFERS FROM ANXIETY, I RELY ON STATEMENTS OF AUTHORITY FIGURES TO EASE CONCERNS. WHY DO C/O'S FIND IT NECESSARY TO LIE? I ALREADY HAVE A LOW TRUST LEVEL IN C/O'S BASED UPON PRIOR ACTIONS OR INACTIONS AND LT. BRAWN AND C/O'S ELLINGER AND CURTIS WERE ALL AWARE OF THAT. WHY CHOOSE TO MAKE IT WORSE? FINDING OUT ABOUT THE TICKET AND SUBSEQUENTLY THE DISCIPLINARY TRANSFER ONLY HEIGHTENED AND WORSENED MY ANXIETY AND FURTHER ERODE MY TRUST LEVEL IN C/O'S, WHICH NOW IS ESSENTIALLY AT ZERO. I HOPE THAT A RESPONSE TO THIS APPEAL CAN BE EXPEDITED JUST AS THE WARDEN FOUND IT NECESSARY TO EXPEDITE THE ORIGINAL, EVEN THOUGH THAT RESPONSE FAILED HORRIBLY.

ARB
PAGE
ONE

TO: Administrative Review Board

<u>Procedural Background</u>                                    9 Dec 15

First Level Grievance [#26-16-19] was filed on 10 Aug. Grievance surrounds Actions leading to, during, and following this inmate filing a PREA claim on 23 July 19, revision about the actual sexual assaults which was filed under a separate grievance [filed 14 Nov 20] inmate likely will also appeal before this board at a future date.

Warden [Hawthorne] determined the August filing to be of an emergency status although that designation was not sought by inmate, in accordance with 20 Ill Adm Code §504.850(A) it is requested the Administrative Review Board expedites its review of this third level appeal.

This inmate received first level response from Corrections Counselor Dennis on or about 26 Aug. Please note the Grievance Officer should have handled this grievance from the beginning [20 Ill Adm Code §504.805(a)] which would have accelerated this process.

This inmate should have received second level

ALL 3
Page
Two

Grievance Officer Response No Later Than 31 Oct 20. This Inmate Does Acknowledge Receipt of Response Until 25 Nov on 15 Nov Inmate Reached out to Grievance Officer Requesting return of All Documents Filed in Support of The Grievance. Inmate Waited These Two Additional Given Various Quarantine Statues And Staff May Have out Due To COVID-19 Issues. It Was Only After Several Attempts to Grievance Officer And Counselor Lewis This Inmate Received The Grievance Officer Response [Dated 1 Oct 20] And on 25 Nov And A Copy of Inmates Original Grievance on 3 Dec 20. It Was Essential Inmate Received These Copies As Inmate Was of The Mindset That The Law Library Was off Limits And Copies Could Not Be Made In Aug Due to Quarantine Status; A Proper Appeal Could Not Be Filed Until Was in Possession of All Pertinent Documents.

It Is Believed Based on Interpretation of 20 Ill. Adm Code §504 810 (a) Grievances "Related To Allegations of Sexual Abuse Shall Not Be Subject to Any Filing Time Limit." [Emphasis Added] However if That Interpretation Is Incorrect It Is Requested The 30 Day Limit To Appeal Grievance Officer's Response Not Commence Until 3 Dec 20 When Inmate Received All That Was Requested From Counselor. While It Is Impossible



For this inmate to prove he did not receive the second level response on or before 16 Oct as counsel Dennis alleges, Illinois river also cannot prove it was received by inmate on that date. Inmates are required to sign to acknowledge receipt of legal mail and certain disciplinary reports, why not the same procedure for grievances?

Commentary for Appeal to ARB:

It is unfortunate this inmate finds himself in front of this review board seeking relief for issues that could have, and should have been, resolved at the institutional level. This, unfortunately, will be the sixth time, in official documents, it is necessary to discuss events related to sexual assaults against this inmate. It does not get any easier with repetition or time. Each time is a revictimization. It was fortunate, and this inmate is grateful, that after penning the first draft of this appeal this afternoon, he was advised one of his MHP's (Ms. Locke) requested a session to check-in. This inmate was reminded that although it is difficult to have to repeatedly write on this subject, this inmate needs to continue to advocate for himself and what he feels is right.

The first and second level Grievances should stand for themselves. However it is necessary to highlight for this Board the key issues at hand so it can be as clear as possible what this inmate expects in the Board's Response.

This inmate feels the sexual assaults could have been prevented altogether if his warnings and requests the first three-and-one-half years were listened to and he was taken seriously. The stress, anxiety, and dehumanization of this inmate by certain IDCC staff is on par with the assaults themselves. One could envision other inmates being homophobic and treating gay inmates as second class citizens but one could not, should not have to, envision similar treatment by those entrusted with the care and protection of the gay inmate.

The first time this inmate addressed safety concerns to his MHP [Ms. Frazier] mere months after arrival to IDCC, he was told that is just how prison is and to deal with it. When a cellie threatened to kill this inmate because he is gay and he reported it he was moved to a new cell but only after if the Lt. asked if inmate could live with the threatening cellmate for another week, when this inmate was scheduled to depart for a court

WROTE. THE LT. WAS ADVISED "NO" AND THEN ISSUED A
TICKET FOR REFUSING HOUSING. A VERY SIMILAR INCIDENT
OCCURRED ELEVEN MONTHS LATER, IN JULY 2018 THIS
INMATE REPORTED TO INTERNAL AFFAIRS SEXUAL ABUSE BY
HIS THEN CURRENT CELLIE, NO ACTION WAS TAKEN AGAINST
CELLMATE AND THIS INMATE WAS ORDERED TO RETURN TO CELL,
GIVEN THESE EVENTS, WHY WOULD THIS INMATE CONTINUE
TO ADVISE STAFF OF SAFETY CONCERNS IF ONLY NO
ACTION OR NEGATIVE ACTIONS WERE THE RESULT OF THAT
REPORTING? THIS INMATE COULD NOT TRUST SECURITY
STAFF TO ASSIST HIM WHEN HE NEEDED THEM MOST! LIFE
FOR A GAY INMATE IS BAD ENOUGH EVEN WITHOUT HIS
SAFETY CONCERNS NOT BEING TAKEN SERIOUSLY.
IN NOVEMBER 2019 THIS INMATE REQUESTED TO BE
HOUSED IN 5 HOUSE RECEIVING ON A PERMANENT BASIS
AS IT WAS THE ONLY HOUSE/WING HE HAS NOT ENDURED
HOMOPHOBIC BY OTHER INMATES. THAT REQUEST WAS DENIED
BY THE HOUSING/PLACEMENT OFFICER, MS. KING, IN JUNE
2020 THIS INMATE WROTE TO THE AWP SEEKING TO BE
MOVED OF CURRENT WING, DUE TO SAFETY CONCERNS.
THE AWP FORWARDED MY REQUEST TO MENTAL HEALTH
DESPITE FACT MENTAL HEALTH WAS ALREADY AWARE OF
THAT EXACT SITUATION AND TOLD THIS INMATE TO WRITE
TO AWP IF MS. GIGI APPROVED. IF THE 2019 HOUSING
REQUEST BOTH SEXUAL ASSAULTS COULD HAVE BEEN

RES
PAGE
SIX

COMPLETELY PREVENTED! IF AWP CLARK MOVED
THIS INMATE ON 16 JUNE, THE AT LEAST THE SECOND
ASSAULT WOULD HAVE BEEN PREVENTED.

FOR ALL REASONS STATED ABOVE, AND OTHERS, THIS INMATES
SAFETY WAS NEVER A PRIORITY @ IRCC DESPITE PLEAS
FOR HELP. IRCC FAILED IN PROVIDING ADEQUATE
PROTECTION FROM OTHER INMATES.

IT BECAME NECESSARY TO CONTINUE THIS GRIEVANCE
PROCESS TO THIS BOARD BECAUSE BOTH THE CORRECTIONAL
COUNSELOR AND GRIEVANCE OFFICER FAILED, REFUSED, OR
NEGLECTED TO ADDRESS ANY QUESTIONS OR CONCERNS IN
THE PREVIOUS GRIEVANCE FILINGS. THE FIRST LEVEL
RESPONSE ONLY INDICATED A PREA INVESTIGATION WAS
OPEN, WHICH WAS ALREADY TO THIS INMATE AND EVEN A
CURSORY REVIEW OF THAT INITIAL FILING, A REASONABLE WOULD
KNOW IT WAS KNOWN. THE GRIEVANCE OFFICER'S RESPONSE
WAS ONLY SLIGHTLY BETTER IN THAT IT ACKNOWLEDGED
A "MIXED" RESPONSE TO INMATE'S CONCERNS, IT FAILS
HOWEVER TO PROVIDE DETAILS OF HOW IT IS A MIXED
ADJUDICATION; WHAT IS IN IRCC'S FAVOR? WHAT IS IN
INMATE'S FAVOR? AT NO TIME ~~BEEN IT IMPORTANT~~
WAS IT THOUGHT TO ACTUALLY ADDRESS THE ISSUES WHICH
CAUSED INMATE TO COMMENCE THE GRIEVANCE
PROCESS, SPECIFICALLY:
     • WHY DID IA SPECIFICALLY Lt. BRAD JOHNSON,

ADD
PAGE
SEVEN

find it necessary to retaliate for filing an accurate and true PREA claim? Namely in seeking a "confidential informant" to find negative, unrelated, prejudicial background information on this inmate, Having Hoffecker issue a ticket to this inmate for Sexual Misconduct [which occurred a year previous to the filing of the PREA claim] after she specifically told inmate no ticket would be issued, why Lt. Johnson told other inmates he did not believe this inmate's allegations of assault by inmate Gonzalez, why inmate has had "routine" shakedowns nearly every month, if not every month, since PREA was filed when inmate previously never had two consecutive months of "routine" shakedowns.

• It is not standard operating procedure for one filing a PREA complaint to be himself investigated for past sexual misconduct, what prompted IA to single out this inmate? to be treated differently than all other inmates? Surely Lt. Johnson is not trying to discourage this inmate from reporting the truth or chill others from doing the same.

• Why did IDOC fail to adequately provide a "safe, secure, humane" living environment, despite requests for same?

• When IDOC was told of safety concerns why was inmate ignored and/or not taken seriously?

• How can this inmate receive a fair and impartial investigation into his PREA claim if Lt. Johnson expressed doubts from day one?

PAGE NINE

Leaving, at the transfer in August 2020, please cause to have Disciplinary Transfer (Withdrawn.)

• Inmate requests Financial compensation due to harmful Treatment by Inmates, and Some Staff, for Retaliation for filing an Accurate, Truthful Prea claim, for Idoc's failure to provide adequate Protection from Harm, both Physical and Mental to the above Sexual Assaults upon Inmate, for Negligence, for Accidental Intentional Infliction of Emotional Distress and aggravating other Mental Health Concerns, for Any and all other Actual and Punitive Damages upon Inmate, in an amount no less than one Million Dollars [$1,000,000.00], plus Any other relief This Board finds Appropriate.

• This Inmate is Due a full and Complete Answer and/or response to all Above Questions and Concerns

Please Consider All Enclosed Documents As if they were Part of This Instrument. This Inmate Stands Ready and willing to further Engage with This Board, In writing or via Video Conference, to Answer Its Questions or for clarification for Any issues That May Remain Unclear.

This Inmate Has trust in This Independent Review Board to Conduct A Fair, Thorough, Impartial, and Unbiased Review of All Relevant Facts Involved, Answer All Questions And Address All Concerns and be willing to Seek An Amicable Resolution of All Claims.

ADD
PAGE
TEN

THANK YOU FOR YOUR TIME, ATTENTION, AND
CONSIDERATION OF THIS IMPORTANT MATTER

RESPECTFULLY SUBMITTED,
S/H T, MM
SCOTT. McMAHON
IDOC #Y24452
ILLINOIS RIVER CORRECTIONAL
CENTER
8 DEC 20
2151 HOURS

A23 PAGE TWENTY-SEVEN

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Request

Offender Name: Scott T. McMahon    ID #: Y22752    Living Unit: SB61

Job Assignment: _____    Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: GRIEVANCE OFFICER

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify) GRIEVANCE

for the purpose of (explain): GRIEVANCE #70-1849 WAS RECEIVED ON 3 AUG 20.
SAME HAS NOT BEEN RETURNED TO INMATE WITH IN 2 MONTHS AND NO NOTICE OF
EXTENSION WAS PROVIDED TO INMATE (§504.830 AND §IV.R.3(d)) ACCORDINGLY,

Offender's Signature: S T McM    Date: 15 NOV 20

---

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (If necessary): Copies of ALL
Submitted items are returned at both 1st & 2nd level responses
esee

Print Staff Name: _____
Staff Signature: _____    Date: 11|16|20

Remarks by supervisor (If necessary): BUT I DID NOT
RECEIVE THE 2ND LEVEL RESPONSE. IT HAS BEEN
OVER THE LAST DATE DUE TO BE
RETURNED TO ME!

Print Supervisor Name: _____
Supervisor Signature: _____    Date: _____

Distribution:    Affected Unit

*Printed on Recycled Paper*

DOC 0286 (Rev. 4/2010)

THE GRIEVANCE IS CONSIDERED DENIED (§III, R, 360). HOWEVER I DO REQUIRE THE RETURN OF ALL DOCUMENTS SUBMITTED TO YOUR OFFICE FOR REVIEW, INCLUDING BUT NOT LIMITED TO THE FIRST LEVEL GRIEVANCE, THE SECOND LEVEL GRIEVANCE, AND ALL SUPPORTING DOCUMENTS ATTACHED TO THE GRIEVANCE RECEIVED 31 AUG 20 PER COUNSELING SUMMARY OF SAME DATE AUTHORED BY MS. VICTORIA S. LEGGIE @ 00:35:58:967. I RESPECTFULLY REQUEST THE AFOREMENTIONED PAPERS TO BE RETURNED ON OR BEFORE 20 NOV 20 WITH THAT DAY'S INMATE MAIL DELIVERY; IF UNABLE PLEASE ADVISE OF LATE DATE YOU WILL HAVE SAME DELIVERED TO ME. AS YOU ARE AWARE THERE ARE DEADLINES ASSOCIATED W/ PURSUING THE GRIEVANCE PROCESS. I WAITED AN ADDITIONAL TWO WEEKS PAST YOUR DEADLINE AS A COURTESY GIVEN THIS UNUSUAL YEAR. AS A COURTESY TO ME PLEASE RETURN THIS REQUEST SLIP TO ME W/ THE REQUESTED DOCS. THANK YOU, IN ADVANCE, FOR YOUR ANTICIPATED COOPERATION.

ARB PAGE TWENTY-EIGHT    STM

ATTACHED PAGE TWENTY-NINE

**ILLINOIS DEPARTMENT OF CORRECTIONS**

### Offender Request

Offender Name: Scott T. McMahon                    ID #: Y22452    Living Unit: SB61

Job Assignment: _____                    Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

To: Counselor Dennis

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust    ☐ purchase ☒ other (specify) Support Request

for the purpose of (explain): I am in Receipt of,    Thank you for, the Glo's written Response

to #20-1849 2nd Level Grievance. However I am also in Need of the Return of

all Documents Submitted Attached    Grievance including but Not

Scott T. MM                              25 Nov 20

_____                          _____
Offender's Signature                      Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): that would          Remarks by supervisor (if necessary): _____

have come to you with          your first level

response.

_____                          _____
Print Staff Name                          Print Supervisor Name

_____        _____        _____        _____
Staff Signature          Date          Supervisor Signature          Date

Distribution:  Affected Unit                              DOC 0286 (Rev. 4/2010)

Printed on Recycled Paper

Limited to, my handwritten (1st and 2nd Level Grievances, the disciplinary report from my Aug 107 ticket hearing, shakedown slip from July signed by C/O Ellinger, and any and all other documents I attached to the 31 Aug Grievance. Due to Covid Restrictions I was not able to make a copy @ law library of my grievance before filed, in my grievance I asked for the return of all docs because of that reason and an "Offender Request" reply from Ms. Victoria Legge, dated 16 Nov 20, indicates "Copies of all submitted items are returned w/ with both 1st and 2nd level responses". I will need those ≥ to continue the grievance process to Springfield. Time is of the essence as strict deadlines are associated with that process. Thank you.

STM

Att; Page Thirty

AND  PAGE THIRTY-THREE

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Offender Request

Offender Name: Scott T. McHaten        ID #: Y04S2   Living Unit: SBG1

Job Assignment: _____        Shift: _____

**Please refer to the directory located in your orientation manual and address proper personnel.**

To: COUNSELOR DENNIS

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☒ other (specify) 20-1849 COPIES   GRIEVANCE

for the purpose of (explain): IN MY PREVIOUS REQUEST TO YOU I ASKED FOR COPIES OF
ANY AND ALL DOCS I SUBMITTED W/MY 2ND ISSUE GRIEVANCE
#20-1849. YOU RESPONDED THAT I WOULD HAVE RECEIVED THESE WITH

_____        2 DEC 20
                Offender's Signature                              Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary) : _____        Remarks by supervisor (if necessary) : _____

_____        _____

_____        _____

_____                                _____
Print Staff Name                                Print Supervisor Name

_____      _____            _____      _____
Staff Signature          Date                   Supervisor Signature          Date

Distribution:   Affected Unit

*Printed on Recycled Paper*                     DOC 0286 (Rev. 4/2010)

My First Level Response. How?, that is literally impossible. Papers submitted on or about 31 Aug cannot have been returned to me prior to my filing the 2nd Level Grievance to G.O., which was in response to your initial answer of 26 Aug. To be clear I require copies of Any and All Papers submitted as part, at any time, in relation to Grievance #30459, including but not limited to the grievance forms themselves, any handwritten papers in my own hand, counseling summaries, disciplinary reports, etc. I cannot continue the grievance process @ Springfield, as I intend, to all papers I previously provided. Your failure, refusal, or neglect in providing the requested papers hampers my rights under IDOC procedures. Also please advise if the now "unsubstantiated free investigation" grievance is being handled together or separately from the August grievances. Please charge my trust fund, if necessary, for the cost of requested GRES, if anything I request or state remains unclear please some speak face-to-face @ SBG. As you know I face time constraints for the grievance process and time is of the essence. This is, at least, my Third Request for the papers.

A23 Page Thirty — Four

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 08/10/2020 | Date of Review: 10/01/2020 | Grievance # (optional): 20-1849 |
| Offender: McMahon, Scott | | ID#: Y22452 |

Nature of Grievance:

**Prea Investigation**

Facts Reviewed:

The complaint, attachments, counselor/staff response were reviewed.

The offender alleges that he was sexually assaulted by I/M Gonzalez a total of two times this year. IDOC and Illinois River have an obligation to protect. The sexual assaults were reported to internal affairs on July 22. This sexual assaults occurred on June 5 and July 2. However since being placed in IDOC he has been called gay slurs, been forbidden to use the phones, showers or seat at a table in the chow hall which has caused him fear. Inmate alleges that on February 2018 he was forced to perform oral sex on I/M in shower, this same inmate inserted his finger in his butt.
February 2018- cellie threatened to kill him because he was gay, this was reported to Lt. in chow hall.
July 2018- Cellie on several instances masturbated in my view, this was reported to internal affairs.
May/June/July 2020 while on administrative quarantine an inmate told him he could not shower and called him a fagot. June 13th was the first time Gonzalez forced me to have oral sex on him in the laundry room in 4 a shower. I/M Gonzalez had C/O open my cell door under false pretense, which can be seen on video.

Counselor responded that per internal affairs, a prea investigation is open.

This G/O notes that this grievance was received in 9/2/20. Based on a total review of all available information regarding the allegation concerning conduct by an individual that is covered under the prison rape elimination act of 2003. Investigation determined that it is substantiated that Offender

Recommendation:

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in Departmental Rule 504, this grievance officer is reasonably satisfied this grievance is mixed.

| Mellissa Rivera | |
|---|---|
| Print Grievance Officer's Name | Grievance Officer's Signature |

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 10-5-20 | ☑ I concur   ☐ I do not concur   ☐ Remand | |

Action Taken:

| | |
|---|---|
| Chief Administrative Officer's Signature | 10-6-20 |
| | Date |

| Offender's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

| | | |
|---|---|---|
| Offender's Signature | ID# | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE (Continued)

Gonzalez violated Department rule 504-107 sexual misconduct, based on his own admission of engaging in sexual activity with McMahon. It cannot be substantiated that Gonzalez forced McMahon to perform sexual acts on Gonzalez based on a lack of evidence, witnesses and McMahon's admission he did not tell Gonzalez he did not want to perform sexual acts and Gonzalez never directly asked for specific sexual acts to be performed. It is substantiated that offender McMahon violated departmental rule 504-107 sexual misconduct based on McMahon's own admissions that he engaged in consensual sex acts with multiple offenders and engaged in predatory sexual behavior by intentionally trying to provoke cell mates into engaging in sexual activities, and provocatively eying cell mates for sexual gratification.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

**Offender:** McMahon _____ Scott _____ ____ Y22452 ____
              Last Name                    First Name            MI        ID#

**Facility:** Centralia CC _____

☒ Grievance: Facility Grievance # (if applicable) 20-1849 ____ Dated: 8/10/2020 ____ or ☐ Correspondence: Dated: _____

Received: 12/17/2020 ____ Regarding: alleges sexually assaulted by i/m Gonzalez 2 this year. Feb. 2018 forced to perfom oral sex on i/m shower
          Date

The attached grievance or correspondence is being returned for the following reasons:

---

**Additional information required:**

☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

---

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

---

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☐ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☒ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
                                                      Date

☐ No justification provided for additional consideration.

---

**Other** (specify): _____
_____

Completed by: Adewale Kuforiji _____ [signature] _____ 2/17/2021 ____
              Print Name                          Signature                    Date

Distribution:  Offender                    Printed on Recycled Paper                    DOC 0070 (Rev. 3/2018)
               Inmate Issues

Received
Grievance Officer
Assigned Grievance #/Institution: _____ Cicc

**NOV 16 2020**

Housing Unit 5B   Cell Bed#: 61

1st Lvl rec: **202661**

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

2nd Lvl rec: _____

| Date: 14 Nov 20 | Offender (please print): Scott T. McMahon | ID #: Y22452 | Race (optional): WHITE |
|---|---|---|---|
| Present Facility: IRCC | | Facility where grievance issue occurred: IRCC | |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): UNSUBSTANTIATED PREA INVESTIGATION
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

_____ Date of report        _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board

Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor

Chief Administrative Officer, only if EMERGENCY grievance

Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

THIS GRIEVANCE IS IN REPLY TO A 17SEP20 MEMO INFORMING ME THAT MY PREA CLAIM, INITIALLY FILED ON 22 JUL 2016 (LT. JOHNSON) HAS BEEN/HAS BEEN CLOSED AS "UNSUBSTANTIATED". I DISAGREE WITH THAT FINDING. WHILE I WILL CONCEDE THERE MAY NOT EXIST ANY DIRECT VIDEO EVIDENCE OR WITNESSES TO THE TWO SEXUAL ASSAULTS I SUFFERED BY OFFENDER GONZALEZ (ACADEMY), I DO BELIEVE THERE IS SUBSTANTIAL CIRCUMSTANTIAL EVIDENCE (PHONE CALLS, VIDEO, EMAILS) THAT CAN LEAD ONE TO REASONABLY CONCLUDE TWO FORCED SEXUAL

- [x] Continued on reverse

**Relief Requested:**

CONTAINED IN BODY OF ATTACHED PAGES TO THIS GRIEVANCE. NAMELY A RE-INVESTIGATION OF MY CLAIMS BY A PURELY IMPARTIAL TRIBUNAL.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

- [x] Check if this is NOT an emergency grievance.

_Scott T. M___ (signature)        Y22452        14 Nov 20

Offender's Signature        ID#        Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)   Date Received: 12.7.20   [ ] Send directly to Grievance Officer

- [ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

Internal Affairs Lt. Johnson responded to the complaint of how this investigation was handled and his conduct during the investigation by stating "Investigation complete" (See attached fact sheet)

K. Dennis        K. Dennis        12.7.20
Print Counselor's Name        Sign Counselor's Name        Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: _____

Is this determined to be of an emergency nature?

- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Chief Administrative Officer's Signature        _____ Date

Assigned Grievance #/Institution: _____     Housing Unit: 5 B   Cell 61

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec: _____          2nd Lvl rec: _____

ASSAULTS WERE PERPETRATED AGAINST ME BY GONZALEZ. I INITIALLY REPORTED THE SEXUAL ASSAULTS TO IA AFTER MEETING w/ MS. STAMBAUGH, AFTER I DETAILED THE FACTS TO HER SHE CONTACTED THE MAJOR'S OFFICE, HOWEVER HE WAS NOT AVAILABLE, MS. STAMBAUGH THEN CONTACTED LT. JOHNSON ~~THERE WAS AND~~ ~~SO~~. DURING THAT INITIAL INTERVIEW w/ LT. JOHNSON HE EXPRESSED DOUBTS RE: THE EVENTS I WAS DESCRIBING, IS IT NOT THE LEADER OF IA TO BE IMPARTIAL? I WAS IMMEDIATELY CHILLED AND DID NOT FEEL MY REPORTING WAS BEING TAKEN SERIOUSLY, WHICH CAME OFF AS BEING INTIMIDATING AND HOMOPHOBIC. ON 23-JUL LT. JOHNSON SPOKE TO TWO INMATES AND QUESTIONED THEM AS TO WHAT I TOLD THEM ABOUT THE SEXUAL ASSAULTS, LT. JOHNSON TOLD THE BOTH OF THEM THAT HE DID NOT BELIEVE MY PREA, THAT SOMETHING WAS NOT ADDING UP. LT. JOHNSON ALSO SOUGHT OUT A CONFIDENTIAL INFORMANT, WITH NO DIRECT KNOWLEDGE OF WHAT GONZALEZ DID TO ME, TO SEEK BACKGROUND INFORMATION ON ME IN AN ATTEMPT TO DISCREDIT ME. I FORMALLY ASKED THAT LT. JOHNSON NOT BE ALLOWED TO BE A PART OF MY PREA INVESTIGATION, OR ANY OTHER INVESTIGATION THAT INCLUDED. I RECEIVED NO RESPONSE TO THAT FORMAL REQUEST AND I BELIEVE LT. JOHNSON CONTINUED TO BE A PART OF, AND LEAD, THAT PREA INVESTIGATION AND TO PREVIOUS SEXUAL MISCONDUCT BY MYSELF. LT. JOHNSON AND IA HAVE NOT DEVOTED ITS TIME ON MY PREA CLAIM AND NOT TO LOOK AT CLAIMS TO DISCREDIT ME, I HAVE SPOKEN w/ OTHER INMATES WHO HAVE FILED A PREA CLAIM AND NEVER HAVE THEY EXPERIENCED ANY RETALIATORY INVESTIGATIONS, IT IS A REASONABLE CONCLUSION THAT LT. JOHNSON HAS NO INTENT TO EVER SUBSTANTIATE MY SEXUAL ASSAULTS, I WAS SINGLED OUT AND I BELIEVE THAT LT. JOHNSON/IA DID NOT FOLLOW STANDARD OPERATING PROCEDURE. ALSO BY WAY OF BACKGROUND, IN JULY 2018 I REPORTED TO IA MY THEN CURRENT CELLIE MIKE MURPHY, CELL GA10 REPEATEDLY MASTURBATED IN MY VIEW AND ALTHOUGH THIS IS CLEARLY IN VIOLATION OF DR 504-107, IA TOOK NO ACTION AND ORDERED ME BACK TO THE SAME CELL/CELLMATE, IT WAS ONLY WHEN I MET w/ MS. STAMBAUGH NEXT AND TOLD HER DID SHE CONTACT LT. JOHNSON TO GET ME MOVED, THERE WAS NO SUCCESSFUL PREA INVESTIGATION AND MURPHY SUFFERED DAILY NO CONSEQUENCES FOR HIS ACTIONS. SEEMINGLY IA IS UNABLE TO TAKE ANY STATEMENT I MAKE SERIOUSLY. "ALL CLAIMS OF SEXUAL ABUSE ARE TO BE INVESTIGATED IN A THOROUGH AND IMPARTIAL MANNER", LT. Pg. 63, OFFENDER HANDBOOK, 2ND EDITION, MARCH 2019 [EMPHASIS ADDED]. I DO NOT BELIEVE I HAVE BEEN PROVIDED AN IMPARTIAL INVESTIGATION BASED ON THE ACTIONS OF IA/LT. JOHNSON. WHILE, AGAIN, I CONCEDE NO DIRECT VIDEO EXISTS OF GONZALEZ FORCING ME TO PERFORM ANY ORAL SEX THERE IS SECONDARY, OR INDIRECT VIDEO AVAILABLE TO SUPPORT MY CLAIM, AT LEAST OF THE SECOND SEXUAL ASSAULT, WHICH OCCURRED ON OR ABOUT 2 JUL 20 ON THAT DATE I HAD 2 CALL PASS, PREVIOUSLY GONZALEZ TOLD ME TO NOT "LOCK UP" WHEN I CAME BACK AND TO SHOWER WITH HIM, ALTHOUGH IT WAS NOT MY DAY ROOM TIME RIGHT AFTER I RETURNED TO MY CELL MY CELLIE RETURNED FROM HIM BEING CALLED TO PROPERTY, UPON HIS RETURN HE CLOSED THE CELL DOOR. I WAS RELIEVED, I FIGURED I WAS SAFE LOCKED IN MY CELL, GONZALEZ IS PERSISTENT THOUGH, AS GONZALEZ WAS THE ACTING, LAUNDRY PORTER, UNDER THE GUISE OF ME NEEDING LAUNDRY DONE, HE HAD A C/O UNLOCK MY CELL DOOR. IN ESSENCE A C/O AIDED GONZALEZ IN THAT SECOND SEXUAL ASSAULT. PLAYING INTO WHAT GONZALEZ TOLD ME TO DO, I BROUGHT A LAUNDRY BAG TO THE LAUNDRY ROOM, I TOLD HIM AT THAT TIME I DIDN'T WANT TO SHOWER BECAUSE I WAS AFRAID I'D BE CAUGHT FOR BEING OUT ON NOT MY DAY ROOM, I WAS HOPING HE WOULD TELL I WAS SCARED AND NERVOUS AND WOULD UNDERSTAND MY NOT WANTING TO BE CAUGHT OUT OF MY CELL. HE AGAIN TOLD ME TO GET MY SHOWER BY, SIT ON THE "BENCH",

PAGE 3

AND TO WAIT FOR HIM. I FOLLOWED THE ORDER AND SAT ON THE BENCH IMMEDIATELY OUTSIDE THE FIRST FLOOR SHOWER ON 4A. WHILE SITTING ON THAT BENCH I AM WRINGING MY HANDS AND STARING OUT AT THE BUBBLE AND GLANCING @ THE CAMERA. GONZALEZ IS STANDING NEAR TO ME ALMOST THE ENTIRE TIME AND TELLS OTHER INDIVIDUALS THAT I AM NEXT IN THE SHOWER AND HE IS AFTER ME. I INFORMED IA OF ALL THE ABOVE DURING BOTH OF MY INTERVIEWS. C/O ELLINGER CONFIRMED TO ME ON 3 AUG 20 SHE WATCHED THE C/O OPENING MY CELL DOOR, ME SITTING ON THE BENCH OUTSIDE THE SHOWER, AND THAT I DID LOOK SCARED IN DISTRESS ON THE 2 JUL 20 VIDEO.

DURING THAT SECOND INTERVIEW/INTERROGATION ON 2 JUL w/ C/O ELLINGER, Lt. JOHNSON WAS PRESENT FOR THE FIRST FEW MINUTES. HIS PRESENCE INTIMIDATED AND SCARED ME. HE WAS CALLED OUT OF THE IA OFFICE AND I ASKED C/O ELLINGER IF Lt. JOHNSON'S PRESENCE WAS NECESSARY FOR THIS MEETING. SHE SAID NO AND ASKED HIM TO TAKE A WALK, OR SOMETHING TO THAT AFFECT. I PROVIDED A SECOND STATEMENT RE: MY TWO RAPES. PLEASE NOTE THE FACTS NOTED IN BOTH SIGNED STATEMENTS ARE SIMILAR, IF NOT IDENTICAL. THE REVIEWING PARTIES SHOULD RECOGNIZE THAT AS A STRONG CONFIRMATION THAT I AM BEING NOTHING BUT TRUTHFUL.

THERE ALSO EXISTS EMAILS TO MY FRIENDS, IN JUNE, JULY, AND AUGUST, RE: THE SEXUAL ASSAULTS. BEFORE 22 JUL I ONLY

PAGE 4

Made Indirect Comments to the Affect of "Something Bad is Going on Here." It was only After I Made My Initial Report to IA did I Detail in emails to friends what occurred to Me At the Hands of Gonzalez. All Emails Are Read, Inbound and Outbound. The Emails outbound from Me Prior to 22Jul were a cry for Help Because I knew a CO would Read it and I was too Scared to Report what was occurring until I could Meet with Ms. Stambaugh. However, Again Though, All the emails Are Consistent to My Signed Statements to IA, further, At Least Circumstantial to Proof I ~~am was~~ Being Truthful About what Happened Too Me by Gonzalez.

A Third Category of Secondary Evidence As to the Sexual Assaults Are Phone Calls I Made to Family and Friends. The First Such Phone Call was to My Uncle Joseph McMahon in Late June 2020. I did Not Place That Call w/ the intention of Telling Him I was Sexually Assaulted earlier that Month. While I was Afraid of Nearby Inmates Overhearing My Conversation on the Phone I Had to Tell My Uncle About That First Assault. I Hoped Telling Him would Help Me. I Sought His Advice on How to Proceed, whether to Report it or Not. He Asked Me who I felt Comfortable Telling And I said only Ms. Stambaugh And That I would Probably Tell Her At our Next Monthly Meeting, which took Place on 22Jul2o, The Date I Reported

PAGE 5

TO IA.

After I Reported to IA I also Spoke to Friends on the Phone and told ~~them~~ them what Gonzalez Made Me do to Him. In Particular I spoke to My Friend Rina Rothmann, who Has Experience working with Battered/Abused Females, three Days in A Row After I was Moved to SHouse, At one Point I Mentioned to Rina That it is Good I do Not Have Access to ~~Cigar~~ Liquor and My Meds Are only Given ~~to~~ one Pill At A Time, So That I cannot Attempt Suicide, As I Have Tried That Method in the Past, Most Recently Just Months Prior to My Incarceration While I was Out on Bond. So Ellinger Stated to Me on 3AUG that She Listened to these Calls, ~~and spoke~~ to My Uncle and My Friend, and Others, Again, The Details of My Rapes were Expressed in Calls and were Consistent with My Signed IA Statements, Which should Be Viewed As Cororboration of My Version of what Happened to Me By Gonzalez. Clearly the call w/Ms. Rothmann was Listened to After Both Sexual Assaults occurred, However was the Call w/My Uncle Listened to Before or After the Second Assault? It is Known Phone Calls Are Reclularly Reviewed, Did Someone Listen to that June Call and could Have Stepped in and Spoke ~~to~~ to Me So that the Second ~~Se~~ Assault could Have Been Avoided?

~~unreadable crossed out line~~

On 13JUN20 I issued A Memo to AWP CLARK the

PAGE 6

Same was Reviewed By Her on 16 Jun 20 @ 0951 Hrs. I asked AWP Clark to Please Move Me From 4A29 Because I Had Been Called "Faggot" By A Few Inmates. Moreover, At a time when only Two Cells were Allowed To Shower At a time [No Dayrooms] My then Current Neighbor [4A28] told Me I Could Not Shower At the Same Time. As we were only Given 15 mins to Shower then I told Him there Really was No Choice. After Repeatedly telling Me to Not come in the Shower He told Me to Come In So He Could Cause Me Physical Harm. Obviously I Did Not. Instead of the AWP Facilitating a Move to A New Wing the Counseling Summary indicated the 13 Jun Memo was Forwarded to Mental Health and I May Continue to Follow-up with M.H. Ms. Stambaugh, My only MH Contact For About 2 yrs, was Already Aware of the Specific Incident as Described Above and of Numerous other Instances of "Gay Bashing" I Have Experienced Throughout My Incarceration, and Based Upon what I wrote in that 13 Jun Letter, AWP Clark should Have Been Aware that MH Already Knew. But MH Has No Authority to Interfere with Housing Assignments. I was Aware of that, Ms. Stambaugh clearly Knew She Could Not Get Me Moved And that is Precisely why Ms. Stambaugh Recommended I Contact the AWP's office

PAGE 7

That is yet another example of me seeking help to a dangerous situation and not receiving the help I sought. If the ALP moves me because of that memo, the second sexual assault could have been avoided as the first assault happened to occur on 15 Jun, just two days after I wrote that memo to the ALP.

The 17 Sep 20 memo signed by Warden Hawthorne indicates my allegations are unsubstantiated because: ① No proof exists Gonzalez "forced" me to fellate him; ② There is lack of evidence of the assaults; ③ No witnesses to the assaults; ④ that I did not tell Gonzalez I did not wish to perform oral sex on him; and ⑤ Gonzalez "never directly asked for specific sexual acts to be performed" on him by me.

As to there being no evidence Gonzalez forced me to provide oral sex, I ask what proof would I a expect to exist? Based upon information I receive by a "confidential informant", I most certainly am not the first person to provide oral gratification to Gonzalez. Gonzalez is an experienced inmate. He is, I guess intelligent enough to make sure no proof exists I was "forced." Only he and I know if I was forced or not. Even the videos I wrote of before, as strong as I believe in supporting my PREA claim, they are do not contain

PAGE 8

Audio of what He Said to Me Before, During, And After The Rapes. It is a "He Said, He Said" Situation. Obviously Gonzalez will Not Say to IA That He Forced Me to Provide Oral Sex. Why Are Gonzalez's Version of Events Believed Over what I Signed Statements to?

To The Reasons of Lack of Evidence And Witnesses, ~~Nobody~~ Any Person Committing A Crime Would Do So with As Few ~~#~~ Witnesses As Possible, Ideally None, And Not In A Public Area or where there May Be Cameras. Again, I know I was Not The First Person to Provide ~~off~~ oral Sex to Gonzalez. Further, As Gonzalez Does Not Identify As Gay It would Be Another Reason to Make Sure Nobody knew what was Happening.

It is true that I Never Told Gonzalez "No" when He told Me to Provide Him w/ oral Sex. He Scared Me. He is Bigger Than Me. He Has Been In Prison Much Longer Than I Have. I Did Not Feel Saying "No" to Him was Even An Option. What if I Did Say "No" And He Chose to Physically Attack Me? I've Never Been in a Fight or A Physical Altercation in My Entire Life!! I was Blessed Enough to Live a Life that was Comfortable, Mostly In The North Shore or Northwest Suburbs of Chicago. Fighting is Not The Norm in those

*[left margin, written vertically:]* I am Sure It is No Mistake Gonzalez Chose The Laundry Room + Stairwell As The Venues For The Rapes - No Cameras.

PAGE 9

AREAS, ESPECIALLY FOR A PERSON LIKE ME. I AM SURE MANY, IF NOT A MAJORITY OF SEXUAL ASSAULT VICTIMS DO NOT SAY "NO" TO THEIR ATTACKER - BASED PURELY OUT OF FEAR FOR FURTHER VIOLENCE. VICTIMS LIKE ME THINK "JUST DO WHAT THIS PERSON WANTS SO THAT THEY MAYBE HE WILL JUST LET ME GO AND I CAN BE SAFE AGAIN." I AM CERTAIN I AM NOT ITA'S FIRST CASE OF SEXUAL ASSAULT HERE AT ILRIVER, TO SAY BECAUSE I DID NOT SAY "NO" IT CANNOT HAVE BEEN A FORCED SEXUAL ASSAULT SEEMS LIKE AN AMATEUR RESPONSE. DOES IA ALSO BELIEVE A WOMAN WHO GOES OUT FOR A NIGHT OF CLUBBING WITH GIRLFRIENDS, WEARING A SHORT SKIRT AND A LOW CUT TOP, IS INCAPABLE OF BEING RAPED BECAUSE OF HOW SHE DRESSED? I WOULD HOPE NOT. GONZALEZ PREYED UPON ME BECAUSE I AM GAY AND HE VIEWS ME AS WEAK AND AFRAID.

SIMILAR TO ABOVE THE 17 SEP MEMO STATES THAT GONZALEZ NEVER DIRECTLY "ASKED" ME TO PROVIDE HIM WITH SEXUAL FAVORS. THAT IS TRUE. HE TOLD ME. HE ORDERED ME. ONE, SUCH AS GONZALEZ, DOES NOT ASK HIS PREY TO PROVIDE SEXUAL SATISFACTION, THEY TAKE WHAT THEY WANT. AND AGAIN, I DID NOT BELIEVE HE WOULD ACCEPT "NO" AS A RESPONSE, EVEN IF HE DID ASK. DURING THE FIRST ASSAULT IT WAS MY LAUNDRY DAY AND I DROPPED IT OFF. HE SAW ME. HE WAS

PAGE 10

waiting for me, he had already set up a bucket (overturned so as to be used as a seat) under the laundry room pass-through window. He told me to sit on that because it would be impossible for me to be seen by anyone on patrol or out in the dayroom. I did as told. As soon as I sat down he pulled down his shorts to expose his already erect penis. He then grabbed my head and forced my mouth onto his penis. No he never asked and it wouldn't matter if he did — I was scared. I did as told for my PHYSICAL safety, that is the definition of rape.

It appears a major part of the reason my PREA claim is denied is simply because Gonzalez denied it happened. Essentially he says it was a "consensual" experience and he is believed. Why him? Not me? Could it be because he is an inmate worker and has more opportunities to socialize with c/o's? Is it because I identify as gay and he is "straight"?

For me to file the PREA claim was a major under-taking for me. Why would I do it if I did not know the truth? I have absolutely nothing to gain by reporting the sexual assaults, in fact I know things would only get worse for me if I did

PAGE 11

REPORT, I KNEW THAT RETALIATION WAS ~~POSSIBLE~~ POSSIBLE, AS WELL AS PHYSICAL OR FURTHER HOMOPHOBIC ACTIONS AGAINST ME BY GONZALEZ OR HIS ASSOCIATES. THE ADVICE FROM MY UNCLE WAS TO NOT REPORT BECAUSE HE WAS AFRAID OF WHAT COULD HAPPEN TO ME, AND BECAUSE EVERY TIME I ASKED FOR HELP PREVIOUSLY, NOTHING HAPPENED OR I RECEIVED A TICKET [ASKING THE AW TO MOVE ME IN JUNE, ASKING MS. ENG TO PERMANENTLY HOUSE ME IN S HOUSE IN NOVEMBER 2019 FOLLOWING MY 2+ YEARS OF COURT WRITS, RECEIVING "REFUSING HOUSING" TICKETS WHEN A CELLIE THREATENED TO KILL ME OR CAUSE ME PHYSICAL HARM]. ON 23JUL20 WHEN I TOLD MS. STAMBAUGH ABOUT THE TWO SEXUAL ASSAULTS, I DID NOT KNOW SHE WOULD IMMEDIATELY CONTACT THE MAJOR OR IA. SHE BASICALLY GAVE ME NO CHOICE IN THE MATTER BECAUSE, I BELIEVE, SHE KNOWS I HAVE EXPERIENCED A LOT OF HOMOPHOBIA IN PRISON AND I RARELY TAKE ACTION AGAINST IT, FOR REASONS DESCRIBED THROUGHOUT THIS GRIEVANCE, AND SHE FELT I NEEDED TO TAKE ACTION FOR MY SAFETY AND MENTAL HEALTH. I DO NOT THINK MS. STAMBAUGH WOULD HAVE CONTACTED IA IF SHE THOUGHT ANY PART OF WHAT I TOLD HER ABOUT GONZALEZ WAS NOT TRUE. FURTHER MHP LOCKE I NOW HAVE MET WITH THREE TIMES AND SHE HAS NO DOUBTS ABOUT THE SEXUAL ASSAULTS. PLEASE CONSULT MENTAL HEALTH.

PAGE 12

Ms. Stambaugh Has Heard Many Instances of Me Being Victimized Based Solely on My Sexuality.

INMATE GONZALEZ WAS IMMEDIATELY CONCERNED ON 22 JUL 20 WHEN HE FOUND OUT I WAS GETTING MOVED TO S HOUSE. IMMEDIATELY FOLLOWING THE CONCLUSION OF MY INTERVIEW w/ LT JOHNSON I RETURNED TO 4/A. ~~At the moment~~ ~~that at that the back~~ MINUTES AFTER A C/o CAME TO MY CELL AND TOLD ME AND MY CELLIE WE WERE MOVING. A PORTER THEN BROUGHT IN A CART FOR C'S. GONZALEZ IMMEDIATELY SENT HIS CELLIE, WHO WAS OUT ASSISTING, C/o's w/ LUNCH TRAYS, TO INQUIRE WHY I WAS MOVING. I JUST TOLD HIM I DID NOT KNOW AND HE RELAYED THAT TO GONZALEZ. GONZALEZ THEN, BECAUSE HIS CELL WAS UNLOCKED BECAUSE OF HIS CELLIE, CAME TO MY CELL DOOR TO ASK ME MORE QUESTIONS. HE DID NOT LEAVE ME ALONE DURING MY WHILE PACKING MY CELL AND LOADING THE CART. WHY WAS GONZALEZ SO CONCERNED WITH MY MOVE? WE WERE NOT FRIENDS. WE DID NOT EVER SOCIALIZE ~~EXCEPT~~ FOR WHEN HE WAS FORCING ME TO ~~orally~~ ORALLY GRATIFY HIM. I BELIEVE HE KNEW I SPOKE TO IA AND HE WAS SCARED. IT DID NOT HELP THAT THE HOUSE SGT CAME ON THE WING AND ANNOUNCED IA CALLED AND TOLD HIM TO MOVE ME TO S HOUSE. THE SGT SHOULD NOT HAVE MADE THAT PUBLIC KNOWLEDGE.

Page 13

For the reasons contained herein, and more, I respectfully request a truly "thorough and impartial" re-investigation of the sexual assaults by Gonzalez be conducted. That can only happen however if Lt. Johnson and Ofc. Ellinger are not allowed to participate. Perhaps the Illinois State Police is the best agency to conduct requested re-investigation as I am aware conduct by IDOC Security Staff is reviewable by that agency. I wholly believe Gonzalez should have been charged under DR504.105 - Sexual Assault. Ofc. Ellinger said on 3 Aug she was considering outside charges for the rapes. How is it reasonable to go from outside charges to my PREA claim being unsubstantiated? Clearly bringing outside charges is more difficult to prove but it also seems clear Ofc. Ellinger thought there was enough evidence to move forward. (Was she ordered to not pursue outside charges by a superior?)

Based on advice of family and friends and due to previous lack of support from IA/Security Staff in previous attempts for help, I did not initially intend to grieve the unsubstantiated PREA investigation findings. I was fearful of additional retaliation if I continued pursuing this matter. I also did not want to

PAGE 14

Be Further Revictimized by having to relive what Again what Gonzales May He Do. I only Convinced my self a few days ago I needed to continue the grievance process. I spend hours a day thinking about what happened to me and how I do not feel I am ever took me seriously, that I never had a chance of my plea claim succeeding. But if I do not do what I feel is right me and other inmates in the same or similar situations will never be taken seriously and that we will continue to be intimidated by other inmates or security staff and not ever recieve the justice that is due to us victims. I also know that I cannot begin to heal emotionally unless I pursue all available options to achieve true justice and equity, for all homosexual sexual abuse victims @ ILRiver and throughout IDOC. I cannot be deaf dumb or blind to what is happening around and to me. I would not pursue this grievance if I did not know the truth and what is stated herein is the truth. I ask you to see to it a fair, thorough, and impartial re-investigation is done and that Gonzalez is at least charged w/ DR504.108, if not other crim charges.

SH JMM

Assigned Grievance #/Institution: _____     Housing Unit: SB    -Bed #: 6(

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec: _____                                    2nd Lvl rec: _____

| Date: 19 DEC 20 | Offender (please print): Scott C. McMahon | ID #: Y 024452 | Race (optional): WHITE |
|---|---|---|---|
| Present Facility: IRCC | | Facility where grievance issue occurred: IRCC | |

**Nature of grievance:**

☐ Personal Property    ☐ Mail Handling    ☐ Medical Treatment    ☐ ADA Disability Accommodation

☐ Staff Conduct    ☐ Dietary    ☐ HIPAA    ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility    ☒ Other (specify): APPEAL COUNSELOR RESPONSE TO GRV #20-266

☐ Disciplinary Report

         Date of report             Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated
locked receptacle marked "grievance":

     **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
     **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
     **Chief Administrative Officer,** only if EMERGENCY grievance
     Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs,
     issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for
each person involved):

THE ORIGINAL OFFENDER'S GRIEVANCE WAS FILED IN 14 NOV 20 BECAUSE I
DO NOT AGREE THAT THE PREA CLAIM FILED IN 22 JUL 20 CAN REASONABLY BE
FOUND TO BE "UNSUBSTANTIATED". IT SHOULD BE NOTED THAT THE COUNSELOR
ORIGINALLY TOLD ME, AFTER SHE RECEIVED THE ORIGINAL GRIEVANCE, THAT I
CANNOT GRIEVE A UNSUBSTANTIATED PREA INVESTIGATION. HOWEVER, FORTUNATELY
THIS INMATE IS AWARE OF HIS RIGHTS. AFTER FALSELY TELLING ME I COULD
NOT GRIEVE IT, SHE CHOSE TO RESPOND TO THE GRIEVANCE, ALTHOUGH

                                                  ☒ Continued on reverse

**Relief Requested:**

TO HAVE THE ILLINOIS STATE POLICE, OR ANOTHER AGENCY THAT CAN BE
UNBIASED, FAIR, AND IMPARTIAL RE-OPEN DT INVESTIGATION INTO INMATE GONZALEZ
AND HIS SEXUAL ASSAULTS AGAINST ME.

☐ Check **only** if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☒ Check if this is **NOT** an emergency grievance.

_S. McG. MM_        _Y 024452_        _19 DEC 20_
    Offender's Signature          ID#                     Date

                  (Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: _____    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

_____

_____

_____

_____

_____

_____

   Print Counselor's Name            Sign Counselor's Name            Date

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____

Is this determined to be of an emergency nature:

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

            Chief Administrative Officer's Signature              APPEAL PAGE 3        Date

Assigned Grievance #/Institution:                    Housing Unit:                Bed #:

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec:                                                                    2nd Lvl rec:

GRIEVANCES REL. SEXUAL ABUSE ARE TO BE HANDLED BY A GRIEVANCE OFFICER.
ILL. ADMIN. CODE CH. 1 SECT. 810(a) COUNSELOR DENNIS INABILITY OR UNWILLINGNESS
TO PERFORM THEREOF IS ONLY ADDS TIME IN MY ATTEMPTS TO RESOLVE THIS MATTER,
AND FURTHER ADDS TO MY STRESS ANXIETY, AND RE-VICTIMIZATION OR TRAUMA
TO WRITE ABOUT THE ASSAULTS AGAIN SHE DID THIS SAME MANEUVER ON RELATED
GRIEVANCE #3-20-1849 MS. DENNIS ALSO PREVIOUSLY TOLD ME HER RESPONSES
TO PREA RELATED GRIEVANCES ARE DICTATED TO HER BY IA, I AM
GRIEVING AGAINST ACTIONS AND INVESTIGATIONS CONDUCTED BY
IA. HOW IS IT RIGHT THEY ARE ALLOWED TO POLICE THEMSELVES?
IA. HOW IS IT RIGHT I HAVE BEEN ASKING THAT A TRULY IMPARTIAL INVESTIGATIONS
THAT IS WHY I HAVE BEEN ASKING THAT A TRULY IMPARTIAL INVESTIGATIONS
BE CONDUCTED BY AN OUTSIDE AGENCY SUCH AS THE ISP
AT ANY RATE MS. DENNIS 1st LEVEL RESPONSE DICTATED TO HER BY LT. JOHNSON,
AGAIN AND INDIVIDUAL I HAVE CLAIMED RETALIATED AGAINST ME FOR FILING
PREA AND NEVER AT ANY POINT CONDUCTED AN IMPARTIAL AND THOROUGH
INVESTIGATION AS HE IS MANDATED TO DO, SAY LT. JOHNSON STATES THE INVESTIGATION
IS COMPLETE, RESPONDED TO MY COMPLAINT RE: HIS ACTIONS AND HOW
INVESTIGATION WAS HANDLED, AND LASTLY ADVISES ME TO "SEE ATTACHED
FACT SHEET." NO FACT SHEET WAS INCLUDED IN THE RESPONSE. I WROTE A
COUNSEL-SLIP TO MS. DENNIS ON 8 DEC 20 DATE I RECEIVED RESPONSE AND
ADVISED NO FACT REL SHEET WAS ATTACHED TO ME AND TO PLEASE RETURNED
A COPY TO ME. AFTER ONE COUNSEL I WAS RESPONSE FROM MS. DENNIS I REDACTED
OUT AGAIN VIA AN OFFENDER'S REQUEST ATTACHED, REALLY HER RESPONSE
SAYS BASICALLY, I AM NOT ALLOWED TO VIEW THE FACT SHEET! CAN I OR
CAN I NOT? IF SHE ORIGINALLY TOLD ME IT WAS INCLUDED IN HER
RESPONSE AND SHE FAILED TO INCLUDE IT WHY NOW CANNOT I NOT HAVE
IT? I BELIEVE MY ORIGINAL GRIEVANCE WAS CLEAR AS MY POSITION THAT I
DISAGREE W/ IA'S FINDING AS "UNCORROBORATED," "SEXUAL ASSAULTS AGAINST ME
BY WHATEVER COMPLAINANT AND THAT I RESPECTFULLY REQUEST A SECOND INVESTIGATION
AS MS. DENNIS DID NOT ATTEMPT TO RESPOND TO ANY OF MY CLAIMS PLEASE
INCLUDE THE FULL ORIGINAL GRIEVANCE AS IT IS VERY SHORT OR STILL VERY
PERTINENT. I DO AGREE W/ LT. JOHNSON THAT HE CONSIDERS "INVESTIGATION
COMPLETE" BUT THAT IS PRECISELY WHAT I AM GRIEVING — I 100% DISAGREE WITH
HIS CONCLUSIONS OF HIS INVESTIGATION, I REAFFIRM MY REQUEST FOR MY
OWN COPY OF THE ALLEGED "FACT SHEET." I REQUEST TO MEET ONE ON
ONE W/ THE GRIEVANCE OFFICER PRIOR TO THE PUBLISHING OF THEIR RESPONSE
I RESPECTFULLY THE G.O. CONDUCT THEIR OWN SEPARATE LOOK INTO MY CLAIMS
AND THAT LT. JOHNSON SIMPLY NOT DICTATE THE RESPONSE.

Assigned Grievance #/Institution: 21-9-19 CEN

Housing Unit: SDD4    Bed #:

1st Lvl rec: 9-1-21

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec:

| Date: 23AUG.21 | Offender (please print): Scott T. McMahon | ID #: B24452 | Race (optional): WHITE |

Present Facility: CENTRALIA

Facility where grievance issue occurred: SAME

**Nature of grievance:**

☐ Personal Property      ☐ Mail Handling      ☐ Medical Treatment      ☐ ADA Disability Accommodation

☐ Staff Conduct      ☐ Dietary      ☐ HIPAA      ☐ Restoration of Sentence Credit

☐ Transfer Denial by Facility      ☒ Other (specify): Lost "Grievance Sent to ARB"

☐ Disciplinary Report

Date of report _____   Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

THIS INSTANT GRIEVANCE CONCERNS A PREVIOUSLY FILED GRIEVANCE FILED AT ILLINOIS RIVER, NUMBER 20-2661, ON OR ABOUT 27 JANUARY 21 THIS INMATE RECEIVED THE 2nd LEVEL RESPONSE FROM THE GRIEVANCE OFFICER. ON OR ABOUT 28 JANUARY 21 THIS INMATE WAS TRANSFERED TO CENTRALIA BEING DISSATISFIED WITH THE RESPONSE OF THE GRIEVANCE OFFICER THIS INMATE ELECTED TO APPEAL TO THE ADMINISTRATIVE REVIEW BOARD IN SPRINGFIELD. AFTER ARRIVING AT CENTRALIA THIS INMATE HAS BECOME AWARE THAT HAVING COMPLETED COMPLETED THE GRIEVANCE PROCESS IS ☒ Continued on reverse

Relief Requested: LEAVE TO REFILE THE "LOST" GRIEVANCE AND SEND TO ARB COPIES FROM INMATE'S MASTER FILE OF INMATE'S TWO (2) PREVIOUS FILINGS OF GRIEVANCE #20-2661, INCLUDING THE COUNSELOR AND GRIEVANCE OFFICER'S RESPONSE AND INCLUDING ANY ATTACHMENTS FILED BY INMATE OR IDOC, AND ANY OTHER DOCUMENTS RELATED TO SAID GRIEVANCE NUMBER 20-2661.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☒ Check if this is NOT an emergency grievance.

_____ Offender's Signature     B24452 ID#     23 AUG. 21 Date

DROPPED 08-30 21 AUG 21
@ 1:00 RECEIVED

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: 9/1/21   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

SEP 0 1 2021
Centralia Correctional Center
Medical Services

Response: Grievance does not follow the guidelines referenced DR 504.810. Grievance not filed within 90 days of issue. You received a response to grievance #20-266 12/08/2020.

J. Bill Print Counselor's Name     [signature] Sign Counselor's Name     9/1/21 Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: _____

Is this determined to be of an emergency nature?
☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature _____   Date _____

Distribution: Master File: Offender     APPEAL PAGE 6     DOC 0046 (Rev. 01/2020)

Housing Unit: ______ Bed #: ______

Assigned Grievance #/Institution: ______

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec: ______ 2nd Lvl rec: ______

INMATE PREPARED HIS APPEAL BY GATHERING DOCUMENTS AND HANDWRITING A DETAILED RESPONSE AS TO HOW THE COUNSELOR AND GRIEVANCE OFFICER REPLIES WERE INADEQUATE. AS THIS GRIEVANCE IS RELATED TO SEXUAL ASSAULTS ~~[illegible]~~ OCCURRING ON THIS INMATE HE COULD NOT REST UNTIL HE WAS SATISFIED WITH AN IDOC EXPLANATION. THE RESPONSE WAS PREPARED WHILE QUARANTINING IN THE RECEIVING HOUSE. ~~[illegible]~~ BEING ON QUARANTINE IT WAS ASSUMED INMATE WOULD NOT BE ALLOWED MOVEMENT TO THE LIBRARY, IF ANYBODY WAS ALLOWED MOVEMENT AT THAT TIME, AND THAT NON-ESSENTIAL STAFF COULD NOT VISIT THE RECEIVING HOUSE. THE MORNING OF 9 FEBRUARY 21 THIS INMATE WAS MOVED TO SADY IN GENERAL POPULATION. THAT DAY, OR THE FOLLOWING, THIS INMATE SENT AN "OFFENDER REQUEST" TO THE LAW LIBRARY STATING COPIES TO BE MADE FOR A GRIEVANCE APPEAL TO BE SENT TO SPRINGFIELD. THE OFFENDER HANDBOOK STATES THAT ONLY COPIES FOR LEGAL PAPERS CAN BE MADE. ~~[illegible]~~ THIS INMATE STATED HE HOPED AN EXCEPTION COULD BE MADE FOR THAT VERY IMPORTANT GRIEVANCE. THE REQUEST ALSO NOTED THAT OF COURSE FILING A 3RD LEVEL APPEAL HAS STRICT DEADLINES ATTACHED TO IT. NO RESPONSE WAS RECEIVED BY THIS INMATE IN A 7 DAY PERIOD. TO MEET THE DEADLINE THIS INMATE HAD NO ALTERNATIVE BUT TO MAIL THE PARCEL CONTAINING HIS DETAILED APPEAL TO SPRINGFIELD WITHOUT BEING ABLE TO RETAIN A COPY FOR HIS RECORDS. THIS IS CLEARLY NOT DUE TO ANY FAULT OF THIS INMATE AS HE IS NOT ENTITLED TO FREE MOVEMENT AND IS ONLY ALLOWED TO DO WHAT HE IS ALLOWED BY OTHERS. ON 19 FEB 21 THIS INMATE PREPARED THE PARCEL CONTAINING THE APPEAL ADDRESSED TO THE ARB IN SPRINGFIELD AND SEALED THE MANILLA ENVELOPE. THIS INMATE ALSO HAD TO PREPARE AN "OFFENDER AUTHORIZATION FOR PAYMENT" TO COVER THE POSTAGE. THAT FORM WAS SIGNED ON THAT DATE BY A CORRECTIONAL OFFICER, BADGE # 7031. THE FOLLOWING DAY, 19 FEB 21, THE AUTHORIZATION FORM WAS MARKED "APPROVED" AND SIGNED BY A MAILROOM STAFF MEMBER ~~[illegible]~~ WHO ALSO NOTED THE POSTAGE AMOUNT OF $1.40. THE FORM WAS STAMPED "PRIVILEGED". ALSO ON 19 FEB 21 THIS INMATE RECEIVED THE YELLOW OFFENDER CARBON COPY. KNOWING THE ARB HAS UP TO SIX (6) MONTHS TO RESPOND THIS INMATE WAITED PATIENTLY FOR THAT TIME. NO RESPONSE WAS RECEIVED ON OR BEFORE 19 AUG 21. ACCORDINGLY THIS INMATE SENT AN OFFENDER REQUEST TO CORRECTIONAL COUNSELOR COURTRIGHT. THE FOLLOWING DAY MR COURTRIGHT INDICATED THE GRIEVANCE IS NOT AT THE ARB. MR COURTRIGHT TYPICALLY SIGNS HIS REQUEST RESPONSES; IT IS NOTED THAT RESPONSE IS NOT SIGNED. AS THIS INMATE IS NOT DIRECTLY RESPONSIBLE FOR PLACING HIS OWN MAIL IN AN APPROVED USPS RECEPTACLE SOMEONE ELSE MUST BE HELD ACCOUNTABLE. WHO SIGNED AND APPROVED THE POSTAGE? WHY DOESN'T THE ARB SEND THE INMATE CONFIRMATION IT RECEIVED A PACKAGE? WHAT REMEDIES ARE AVAILABLE TO THIS INMATE TO CONTINUE THE GRIEVANCE SO HIS RIGHTS ARE NOT EXHAUSTED? IDOC POLICY STATES GRIEVANCES INVOLVING SEXUAL ABUSE ARE NOT TIME CONSTRAINED BUT THE ARB REFUSED TO REVIEW #20-1949 (FROM IL RIVER) ~~[illegible]~~ STATING INMATE DID NOT FOLLOW TIMELINES. WHICH IS RIGHT... THE OFFENDER HANDBOOK OR THE ARB RESPONSE LETTER IN REGARD TO TIMELINES? PLEASE ANSWER THE ABOVE QUESTIONS IN YOUR RESPONSE.

APPEAL PAGE 7

APPEAL PAGE 2 of 4

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Request**

Offender Name: SCOTT T. McMAHON    ID #: 100USD    Living Unit: 5234

Job Assignment: _____    Shift: _____

Please refer to the directory located in your orientation manual and address proper personnel.

TO: COUNSELOR COURTRIGHT

I request ☐ interview ☐ cell assignment ☐ visit ☐ Trust Fund ☐ purchase ☐ other (specify)

for the purpose of (explain) IDOC POLICY STATES REPLIES FROM THE ADMINISTRATIVE REVIEW BOARD HAS 6 MONTHS TO REPLY TO A GRIEVANCE. THESE 6 MONTHS EXPIRED TODAY FOR GRIEVANCE # 807266, ORIGINALLY FILED AT ILLINOIS"

OVER →
PLEASE →

Offender's Signature _____    Date 19 AUG 20

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): Answered gt    Remarks by supervisor (if necessary):
Illinois River on 12-8-20. Grievance is not at the ARB.

Courtright MTT    8-20-21
Print Staff Name    Date

Staff Signature

Distribution: Affected Unit

Print Supervisor Name    Date

Supervisor Signature

Printed on Recycle Paper    DOC 0286 (Rev. 4/2010)

AM 9:09  [PAGE 66 OF 72]

2) WER. PLEASE PROVIDE A STATUS ON DIAG-GRIEVANCE, THIS INMATE ZESERVES ALL RIGHTS AND REMEDIES AVAILABLE TO HIM UNDER DOC POLICY, AS WELL AS UNDER STATE + FEDERAL LAWS.

SM

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Authorization for Payment

Posting Document # _____

Date 18 FEB 21

Offender Name Scott T. McMahon  ID# 129452  Housing Unit SONY4

Pay to Administration Review Board

Address PO Box 19277

City, State, Zip Springfield, IL 62794-9277

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of Postage

PRIVILEGED

☑ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Offender Signature _____  ID# 129452

Witness Signature _____ 7031

☐ Approved ☐ Not Approved  Chief Administrative Officer Signature

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Offender

Printed on Recycled Paper

DOC 0296 (Eff. 1/2009)
(Replaces DC 828)

Assigned Grievance #/Institution: _____    Housing Unit: S2 D4  Bed #: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec: _____    2nd Lvl rec: _____

| Date: 2 SEP 21 | Offender (please print): Scott T. McMahon | ID #: 22452 | Race (optional): WHITE |

Present Facility: CENTRALIA    Facility where grievance issue occurred: SAME

**Nature of grievance:**

☐ Personal Property  ☐ Mail Handling  ☐ Medical Treatment  ☐ ADA Disability Accommodation
☐ Staff Conduct  ☐ Dietary  ☐ HIPAA  ☐ Restoration of Sentence Credit
☐ Transfer Denial by Facility  ☒ Other (specify): APPEAL OF COUNSELOR RESPONSE TO LOST GRIEVAN
☐ Disciplinary Report

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

PLEASE READ THE 23 AUG 21 GRIEVANCE #21-9-19 CEN ATTACHED
HERETO AND INCORPORATE SAME AS IF IT WAS CONTAINED HEREIN. THIS
INMATE WHOLLY DISAGREES WITH THE REASON WHY COUNSELOR "J. BILL"
DENIED ORIGINAL FILING. THIS INMATE IS CONFIDENT HE IS WELL WITHIN
THE TIME LIMIT TO FILE AND BASES UPON BILL'S REPLY ONE IS CURIOUS
IF THE AUGUST FILING, AND ITS ATTACHMENTS, WERE REVIEWED IN
FULL. THE "LOST" GRIEVANCE WAS ORIGINALLY FILED IN NOVEMBER 202

☐ Continued on reverse

**Relief Requested:** PLEASE SEE ATTACHED FOR REQUESTED RELIEF.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☒ Check if this is NOT an emergency grievance.

Offender's Signature _____  ID# 22452  Date 2 SEP 21

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)  Date Received: _____  ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

_____

Print Counselor's Name _____  Sign Counselor's Name _____  Date _____

**Note to offender:** If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**  Date Received: _____

Is this determined to be of an emergency nature?
☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature _____  Date _____

Distribution: Master File; Offender    DOC 0046 (Rev. 01/2020)

Housing Unit ~~____~~    Bed #: _____

Assigned Grievance #/Institution: _____

1st Lvl rec: _____

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

2nd Lvl rec: _____

AT ILLINOIS RIVER ("ILRIV"), ON 8 DEC 2020, AS NOTED BY BOTH BILL'S AND
COUNSELOR CARTRIGHTS RESPONSES, THE ILRIV COUNSELOR RESPONDED TO
THE 1st LEVEL FILING. WHAT APPEARS TO BE MISSING FROM THE DATABASE
USED BY THE ABOVE INDIVIDUALS IS THAT AN APPEAL WAS FILED ON OR
ABOUT 19 DEC 2020 AS THE COUNSELOR RESPONSE WAS UNSATISFACTORY. ILRIV
COUNSELOR QUOTED INTERNAL AFFAIRS IN HER RESPONSE BUT DID NOT
ADDRESS ANY QUESTION OR FACT CONTAINED IN THE INITIAL FILING AS
THE MATTER CONCERNS SEXUAL ASSAULTS AGAINST THIS INMATE. THE MATTER
WOULD NOT BE DROPPED UNTIL 16 WAS SATISFIED. ATTACHED HERETO PLEASE
FIND OFFENDER'S GRIEVANCE "APPEAL COUNSELOR RESPONSE TO GRV. #20-2661
DATED 19 DEC 20. ON 27 JANUARY 2021 THIS INMATE RECEIVED THE APPEAL
RESPONSE. UNSURPRISINGLY, THAT WAS ALSO UNSATISFACTORY. THE FOLLOWING
DAY THIS INMATE WAS TRANSFERRED TO CENTRALIA. BY 18 FEB 2021, THE
~~PREPARED~~ FINAL APPEAL WAS PREPARED IN FULL AND READY TO BE MAILED
TO THE ADMINISTRATIVE REVIEW BOARD ("ARB") IN SPRINGFIELD. IMPORTANT
TO NOTE, AGAIN, THIS INMATE WAS NOT ALLOWED TO MAKE COPIES OF
THAT HANDWRITTEN RESPONSE AND ITS ATTACHMENTS PRIOR TO BEING MAILED
BECAUSE OF COVID-19 QUARANTINE PROCEDURES, DESPITE THIS INMATE
WRITING REQUEST SLIPS TO THE LIBRARY HERE AT CENTRALIA AND ADVISING
THE IMPORTANCE OF NEEDING COPIES PRIOR TO MAILING TO ARB. AN
"OFFENDER AUTHORIZATION FOR PAYMENT" WAS ALSO PREPARED ON 18 FEB 2020.
(SEE ATTACHED). POSTAGE IN THE AMOUNT OF $1.10 WAS APPLIED TO A PARCEL
ADDRESSED TO THE ARB AT THE ADDRESS PROVIDED ON OFFENDER'S
GRIEVANCE (FORM DOC 0046 REV. 01-2020). WHAT ELSE WOULD THIS
INMATE NEED TO MAIL TO ARB AT THAT TIME BUT A FINAL APPEAL RE:
ILRIV GRV. #20-2661. THE CRUX SUBSTANTIATED ITS A INVESTIGATION, NAMELY, ILRIV GRV. #20-2661.
WHY DOES THE IDOC DATABASE NOT SHOW NOT ONLY ARB RECEIVED THE
FEBRUARY FILING, BUT ALSO THE 2nd LEVEL APPEAL DATED 19 DEC 20? CHECK
THE MASTER FILE TO SEE THE RESPONSE FROM ILRIV. HOW CAN ANYONE CLAIM THIS
MATTER RESOLVED OR RESTED ON 8 DEC 20! THE GRIEVANCE OFFICER
REVIEWING THIS MATTER MUST DO THE DUE DILIGENCE NECESSARY TO FOLLOW
THE PAPERWORK TRAIL AS CLEARLY THE ELECTRONIC TRAIL IS FLAWED. THE
BILL REPLY SAYING I DID NOT GRIEVE THE "LOST" ARB GRIEVANCE WITHIN
90 DAYS OF 8 DEC 2020 IS ILLOGICAL ON TWO (2) FRONTS. THE FIRST BEING
THAT DATE IS NOT THE END POINT. SECOND, THE TIME TO START WHEN AN
INMATE HAS TO FILE BEGINS WHEN THE INMATE IS MADE AWARE OF A
GRIEVANCE ACTION. THIS INMATE COULD NOT KNOW HE NEEDED TO
GRIEVE A "LOST" GRIEVANCE UNTIL THE ARB DID NOT RESPOND TO HIS
18 FEB 20 FILING UNTIL 19 AUG 21. ON 19 AUG 21, THIS INMATE
SENT AN OFFENDER REQUEST TO MR. CARTRIGHT. HE RESPONDED THAT
ACCORDINGLY ARB ~~DID NOT HAVE AWARENESS~~ HOW DOES HE KNOW
THAT? DID HE CONTACT ARB DIRECTLY? IT HAS ACTUALLY BEEN PROVEN
THAT WHATEVER DATABASE TRACKS GRIEVANCES IS INACCURATE AND
MISSING IMPORTANT INFORMATION. THIS INMATE CAN NO LONGER TRUST
SAID DATABASE. THEREFORE, REQUESTS WRITTEN CONFIRMATION
FROM A MEMBER OF THE ARB OR ITS ADMINISTRATIVE STAFF THAT
INMATE HAS NO MATTER PENDING BEFORE IT. IF DROPLE-BIO ALLOWS
INMATE TO FILE AN INITIAL GRIEVANCE, INMATE REASONABLY HAS WITH
NINETY (90) DAYS TO FILE AN INITIAL GRIEVANCE. INMATE CERTAINLY MET
NO LATER THAN 19 NOV 21 IN FILE AND THIS INMATE HAS CERTAINLY MET
THAT TIMELINE. ALSO OF INTEREST IS REPORTING BY SHANNON HEFFERNAN OF
WBEZ IN CHICAGO WHEREIN SHE INVESTIGATED IDOC's HANDLING OF

Page 2 of 4

DOC 0046 (Rev. 01/2020)

PG 3

INMATE GRIEVANCES, FIRST INMATE READ AN ARTICLE OF HER
EARLIER IN 2021 AND REFERRED HER CONTACT INFORMATION AS
SHE WAS SEEKING FURTHER INPUT FROM IDOC INMATES, WHEN INMATE
WAS ADVISED OF THE "MISSING" GRIEVANCE HE ASKED A FRIEND
TO CONTACT MS. HEFFERNAN ON HER BEHALF, SHE ADVISED THAT
ALTHOUGH SHE HAS COMPLETED THAT STORY SHE COULD BE
INTERESTED IN HEARING MORE REGARDING THIS INSTANT MATTER
AS ... FURTHER HER FRIEND(S) ...
FROM THE INITIAL REPORTING OF THE SEXUAL ASSAULTS IDOC
SO ... ITS STAFF WITH THE EXCEPTION OF CONTRACTED MEDICAL
AND MENTAL HEALTH PERSONNEL, THE TENDENCY SEEMS TO DENY
... WHEN DOING DELAY THE GRIEVANCE PROCESS / SKIP THE GRIEVANCE PROCESS
... AS A THREAT, OR DOING THE PROCESS FAILED TO ANSWER GRIEVANCES
... IN FULL OR AT ALL, HIS BEHIND BARS NOT APPLICABLE TO
... THE MATTER, ALL IN AN ATTEMPT TO SECRET SILENCE THE ...
TWO (2) SEXUAL ASSAULTS ... DUE TO ITS
... NEGLIGENCE THIS ALLEGEDLY LOST GRIEVANCE #207661 (IDPW)
... JUST THE LATEST PLOY, THIS MATTER IS NOT OVER, JUST BECAUSE
... OF THE ...
... IN RESPONSE TO THIS 2nd LEVEL FILING OR GRIEVANCE #1-9-19
CEN, Re: IDPW GRIEV. # 207661, THIS INMATE EXPECTS ANSWERS
... AND/OR EXPLANATIONS TO ALL QUESTIONS ABOVE AS!
... TO HAVE ... DOCUMENT REVIEWED FOR LEGAL
... PURPOSES, INMATE HAS COMPLETED THE GRIEVANCE PROCESS FOR
... M. B. ...

PG. 4

BE ALLOWED TO REFILE THE 3rd LEVEL APPEAL IN RE

ALL A.R.B. WITH NO TIME RESTRAINTS (AS ALL MATTERS

WITH CONCERNING WITH SERIAL ABUSE ARE IN HERE), AND THE

INSTANT INMATE IS TO BE PROVIDED COPIES (AT NO CHARGE TO

HIS OR HER JETPAY) OF ANY & ALL DOCUMENTS FROM HIS MASTER

FILE OR ANY OTHER FACILITY STATUS/STORED FOR INMATE PURPOSES

BE THEY ELECTRONIC OR PAPER OR OTHER, WHICH ARE PART OF

OR IN ANY WAY RELATED TO IDHU GRV #202661, INCLUDING

BUT NOT LIMITED TO DOC 0006's AND THEIR ATTACHMENTS

WHO FILED OR AT ANY DATE OR ANY LEVEL OF APPEAL, COUNSELOR

RESPONSE, GRIEVANCE OFFICER RESPONSES, ALLEGED ATTACHMENTS

FROM STAFF RESPONSES, COUNSELING SUMMARY REPORTS,

EMAILS, INTRA/INTER OFFICE COMMUNICATIONS SAVED

OF OFFICE OR REQUESTS AND STAFF REQUESTS TO SAVE, REQUEST FROM

ALL OTHER A.R.B.'S RELEVANT/OR ANY OF THE STAFF /ADMINISTRATORS

FOR MORE INFORMATION (IN ANY FORMAT THEY MAY APPEAR);

(VIII) WE FOR IDOC TO IMPLEMENT A POLICY THAT THE A.R.B. MUST

CONFIRM RECEIPT OF INMATE APPEALS TO DHU (IN WRITING)

WITHIN 8 THIRTY (30) DAYS OF POSTMARK DATE SENT TO THE

BOARD SO THAT FINAL SIGNATURE MAY BE REQUIRED IN THE

FUTURE FINAL JUDGE THAT 1DSHOF #20 OU JUST IS (X8)

TRAILED WYATT TO MAKE COPIES OF GRIEVANCES,

A NO MATTER THE PERSONAL OR MEDICAL OR ADMINISTRATIVE

SET WORK WITHIN SEVEN TO (77) DAYS OF

REQUEST. IF INMATE ARE ON RESTRICTED OR ZERO MOVEMENT

PG 5

AND/OR STAFF MEMBER CAN MEET THE INMATE AT HIS/HER CELL DOOR TO COLLECT THE DOCUMENTS TO BE COPIES AND RETURN ORIGINALS AND COPIES WITHIN TWENTY FOUR (24) HOURS THEREAFTER. (BY THE WAY, THAT WAS HOW THINGS WERE DONE @ ILRIU PRIOR TO MY TRANSFER HERE, SO IT CAN EASILY BE DONE).

I AWAIT YOUR REPLY.

#Y22452
Scott T. McMaster

Scott T. McMahon
#Y22452
PO Box 7711
Centralia, IL 62801

31 May 2022

RE: Filing Prisoner Complaint

Clerk of the Court:

Enclosed Please Find the Following:

1. Complaint [§1983] and Its Attachments;
2. Motion For Appointment of Counsel and Its Attachments;
3. Application to Proceed without Prepayment of Fees and Declaration, and
4. Two (2) Copies of the Above.

A courtesy copy has been provided for the Judge. The second copy is for endorsement and return via the enclosed SASE. (First page only, if need be)

Respectfully,

Scott T. McMahon



CERTIFIED MAIL

7021 2720 0002 4573 1533

This Correspondence
Is From An Inmate
of The IL Dept.
of Corrections

US POSTAGE $016.70°
ZIP 62001
0000378940 JUN 09 2022

SCOTT T. McMAHON
#Y32452
PO Box 7711
CENTRALIA, IL 62801

PRIVILEGED

UNITED STATES DISTRICT COURT
(CENTRAL) DISTRICT ILLINOIS

305 US COURTHOUSE
100 N.E. MONROE ST.
PEORIA, IL 61602