UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SCOTT MCMAHON,            )
   Plaintiff,             )
                          )
vs.                       )   Case No. 22-1198
                          )
BRAD JOHNSON, et.al,      )
   Defendants             )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, alleges Lieutenant Brad Johnson, Officer Ellinger, Officer King, Assistant Warden Tiffanie Clark, Illinois Department of Corrections Director Rob Jefferies, John Doe and the Illinois Department of Corrections (IDOC) violated his constitutional rights at Illinois River Correctional Center.

Plaintiff says he is homosexual inmate who has faced discrimination, harassment, abuse, and assault throughout his incarceration. Specifically, Plaintiff says on approximately June 15, 2020, an inmate sexually assaulted him in the laundry room. The same inmate sexually assaulted Plaintiff a second time on or about July 2, 2020.

1

Plaintiff says his "first official report of the sexual assaults" was on July 22, 2020, when he told Mental Health Professional (MHP) Layne Stambaugh what happened. (Comp., p. 10). MHP Stambaugh then contacted Defendant Internal Affairs Officer Johnson who began an investigation pursuant to the Prison Rape Elimination Act (PREA). Plaintiff says Defendant Johnson interviewed him the same day as the report, but "expressed doubt as to the veracity of Plaintiff's allegations." (Comp, p. 11). Defendant was required to conduct a full investigation of his claims, but Plaintiff says the Defendant also told other inmates he doubted Plaintiff's claims.

Plaintiff next alleges Defendants Johnson, Ellinger, and IDOC retaliated against him for his PREA report, but he provides no further information pertaining to this claim.

Plaintiff says he did file grievances before filing his lawsuit, but the Administrative Review Board either denied or failed to address those grievances.

Plaintiff is advised his complaint must provide a sufficient factual basis to put the Defendants on notice of his claims. *See* Fed.R.Civ.P. 8. For instance, to state an Eighth Amendment failure to protect claim, a prisoner must allege "(1) he is incarcerated under conditions posing a substantial risk of serious harm, and (2) defendant-officials acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005)(internal quotation omitted). "A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety." *Collins v. Doe #1*, 2019 WL 2745371, at *2 (S.D.Ill. July 1, 2019), *citing Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Plaintiff makes vague reference to threats he received prior to the assaults in June and July of 2020, but he has not provided any information indicating the Defendants were aware of the specific risk to this safety prior to the assault. The fact that Plaintiff was a homosexual inmate is not enough. Did Plaintiff report any specific threats or concerns regarding his safety at Illinois River prior to June 15, 2020? When and how? Did Defendants have any reason to know the inmate who assaulted Plaintiff posed a threat to him?

Plaintiff is also dissatisfied with the way Defendant Johnson addressed the PREA report. However, the PREA does not create a private right of action in federal court. *See i.e. McRae v. Myers*, 2022 WL 1185133, at *7 (S.D.Ill. April 21, 2022); *Sharp v. Numsen*, 2022 WL 834421, at *7 (W.D.Wis. March 21, 2022); *Sims v. Doe*, 2018 WL 4027632, at *3 (S.D.Ind. Aug. 22, 2018).

Plaintiff alleges Defendants retaliated against him for reporting the sexual assaults. To state a retaliation claim, a prisoner must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert,* 557 F.3d 541, 546 (7th Cir.2009) (internal quotations omitted). Plaintiff does not clearly state what actions each Defendant took to retaliate against him and when those actions occurred.

Plaintiff also does not mention each of his named Defendants in the body of his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely

3

naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).  Plaintiff must explain what he is accusing each Defendant of doing to violate his constitutional rights.  It is not enough to attach exhibits and expect the Court or Defendants to find the factual basis for his allegations in those exhibits.[1]

In addition, even if Plaintiff does not know the name of a Defendant, such as Defendant "John Doe," he must clearly state a claim against this individual with some identifying information such as a physical description, job title, and/or date and time of the alleged incident.

Finally, Plaintiff refers to Defendants' negligent conduct, but negligence does not rise to the level of a constitutional violation. *See Charles v. Abernathy*, 2022 WL 2252749, at *1 (C.D.Ill. June 22, 2022), *citing Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Therefore, the Court must dismiss Plaintiff's complaint for failure to state a claim upon which relief can be entered.  If Plaintiff can clarify his claims and cure the noted deficiencies, he must file an amended complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief

---

[1] Plaintiff has attached 58 pages of exhibits to his complaint.

can be granted pursuant to 28 U.S.C. §1915A and Federal Rule of Civil Procedure 8.

2) Plaintiff's motion for appointment of counsel is denied with leave to renew after he clarifies his intended claims. [5].

3) If Plaintiff believes he can clarify his allegations, he must file a proposed amended complaint on or before November 4, 2022. If Plaintiff fails to file an amended complaint by the deadline or fails to address the deficiencies noted in this order, his case will be dismissed with prejudice.

4) The Clerk is to provide Plaintiff with a blank complaint form for his convenience and reset the internal merit review deadline within 30 days.

ENTERED this 12th day of October, 2022.

s/James. E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE