UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT MCMAHON,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )   Case No. 22-1198<br>) |
| BRAD JOHNSON, et.al,<br>   Defendants | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file an amended complaint. [18].

Plaintiff's initial compliant was dismissed for failure to state a claim upon which relief could be granted and violation of Federal Rule of Civil Procedure 8. *See* October 12, 2022 Merit Review Order. Plaintiff had failed to provide a sufficient factual basis to put the Defendants on notice of his claims and did not indicate how each Defendant was responsible for his claims. The Court allowed the pro se Plaintiff additional time to file an amended complaint and directions to assist him.

The Court then granted Plaintiff's two motions for an extension of time, but when he failed to file anything by the final, December 16, 2022 deadline, his case was dismissed. *See* February 6, 2023 Text Order.

Plaintiff then filed a motion to reconsider with an affidavit from his facility's law librarian, confirming he had timely provided his proposed amended complaint to prison officials, but due to technical issues it was not received. [17]. The motion was

1

granted and Plaintiff's motion for leave to file an amended complaint is now before the Court. [18]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [18].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's amended complaint identifies eight Defendants at Illinois River Correctional Center including Illinois Department of Corrections (IDOC) Director Rob Jefferys, Warden Cheryl Hinthorne, Assistant Warden Tiffanie Clark, Placement Officer King, Unknown Placement Officer John or Jane Doe, Lieutenant Brad Johnson, Correctional Officer Ellinger, and an unknown Correctional Officer.

Plaintiff says he "is an openly homosexual male" who was convicted of sexually abusing a child.. (Amd. Comp., p. 5). "Both of these groups are well known by the Courts and the Defendants to be groups that are targeted by other prisoners for harassment, abuse, and violence." (Amd. Comp., p. 5). Nonetheless, the Defendants repeatedly turned a blind eye to Plaintiff's reports of threats or concerns for his safety resulting in sexual assaults and harassment. In addition, Plaintiff says IDOC has a policy and practice of placing LBGTQ inmates in general population with full knowledge of the consequences.

Plaintiff's complaint outlines in detail the sexual abuse and harassment he endured throughout his stay at Illinois River Correctional Center beginning when he entered the facility on July 21, 2017. Plaintiff outlines his specific requests for help and his reports of repeated sexual assaults. Plaintiff then lists eight separate counts.

Count I alleges all Defendants violated his Eighth Amendment rights when they failed to protect him. Plaintiff lists individual capacity claims against all Defendants except IDOC Director Jefferys. The claim as stated against Defendant Jeffreys is in his official capacity based on IDOC policies and practices. In addition, Plaintiff has articulated an official capacity claim against Warden Hinthorn for her failure to implement policies or train staff. While Plaintiff also lists Assistant Warden and Lieutenant Johnson for his official capacity claim, neither would be responsible for overall policies or training at Illinois River.

Count II alleges an Eighth Amendment violation against each Defendant for subjecting Plaintiff to cruel and unusual punishment in his living conditions at Illinois River Correctional Center. Again, Plaintiff has articulated individual capacity claims as well as official capacity claims against Defendants Jefferys and Hinthorn.

Count III alleges an Eighth Amendment violation based on a failure to intervene. The Court notes a failure to intervene claim can be distinct from a failure to protect claim. *Dwyer v. Neal*, 2022 WL 462017, at *23 (N.D.Ind. Feb, 15, 2022). Prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)); *see also Mayoral*, 245 F.3d at 938. Therefore, to state a failure to protect claim, a plaintiff-inmate must claim (1) "he is incarcerated

3

under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Brown v. Budz*, 398 F.3d 904, 909 (7th Cir.2005).

On the other hand, an officer may be liable for a failure to intervene claim "if any constitutional violation has been committed by a law enforcement official; and the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (quotation marks and citations omitted).  At this stage, Plaintiff has adequately articulated two separate claims for the purposes of notice pleading.

Count IV alleges Defendants Jefferys, King, Unknown Placement Officer, Johnson, and Ellington retaliated against him for his complaints and grievances.

Count V alleges the Defendants violated his due process rights based on a failure to abide by the policies of the Prison Rape Elimination Act (PREA).  As previously explained, the PREA does not create a private right of action in federal court. *See i.e. McRae v. Myers*, 2022 WL 1185133, at *7 (S.D.Ill. April 21, 2022); *Sharp v. Numsen*, 2022 WL 834421, at *7 (W.D.Wis. March 21, 2022); *Sims v. Doe*, 2018 WL 4027632, at *3 (S.D.Ind. Aug. 22, 2018).  Consequently, "the PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements." *Austin v. Baldwin*, 2020 WL 6047178, at *6 (S.D.Ill. Oct. 13, 2020)(dismissing due process claim based on PREA); *Watson v. Dodd*, 2017 WL 120951, at *6 (S.D.Ill. Jan. 12, 2017)(same). Plaintiff cannot proceed with Count V.

Counts VI, VII, and VIII are state law claims for Intentional Infliction of Emotional District, Negligence, and Respondeat Superior.

For purposes of notice pleading, Plaintiff may proceed with all claims except Count V which is dismissed for failure to state a claim.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Illinois Department of Corrections Director Rob Jefferys, Warden Cheryl Hinthorne, Assistant Warden Tiffanie Clark, Placement Officer King, Unknown Placement Officer John or Jane Doe, Lieutenant Brad Johnson, Correctional Officer Ellinger, and an unknown Correctional Officer failed to protect him, violated his Eighth Amendment rights, failed to intervene, retaliated, and committed the state law offenses of negligence, intentional infliction of emotional distress, and respondeat superior as stated in Counts I-4 and 6-8 of the Amended Complaint. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's Motion for Leave to File an Amended Complaint, [18]; 2) Add Defendant John Doe Placement Officer (in addition to the current John Doe Correctional Officer) and Defendant Cheryl Hinthorne; 3) Attempt service on Defendants pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the**

**status of service and enter scheduling deadlines; and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 21st day of April, 2023.

                                s/James E. Shadid
                        _____
                              JAMES E. SHADID
                          UNITED STATES DISTRICT JUDGE